■ STELLA D'AMATO, Respondent, v DONALD D'AMATO, Appellant. — In a matrimonial action, defendant husband appeals from a judgment of the Supreme Court, Richmond County (Sacks, J.), dated October 5, 1981, which, *inter alia,* (1) granted a divorce to plaintiff wife on the ground of cruel and inhuman treatment, (2) ordered the marital residence to be appraised and sold, with the net proceeds to be divided equally between the parties, and (3) ordered defendant to pay plaintiff one half of the income on his pension upon his retirement in lieu of $75 per week in maintenance. Judgment modified by striking therefrom the second, third, fourth and fifth decretal paragraphs. As so modified, judgment affirmed, without costs or disbursements, and matter remitted to Special Term for further proceedings consistent herewith. Under the circumstances of this case, Special Term properly granted plaintiff a divorce on the ground of defendant's cruel and inhuman treatment. A great deal of the alleged misconduct occurred in private with plaintiff and defendant the only witnesses. Thus, independent corroboration of the alleged incidents of misconduct was not possible. However, acts of cruel and inhuman treatment constituting grounds for divorce (see Domestic Relations Law, § 170, subd [1]) do not require corroboration (*Broglio v Broglio,* 44 AD2d 705). The finding of cruel and inhuman treatment is based upon the resolution of the parties' conflicting testimony and we defer to Special Term's determination on this issue of credibility (see *Davis v Davis,* 83 AD2d 547; *Cataudella v Cataudella,* 74 AD2d 893). However, with respect to the distribution of the marital

property, it does not appear that Special Term complied with the procedures for determining equitable distribution outlined in part B of section 236 of the Domestic Relations Law. Therefore, the case is remitted to Special Term for an evidentiary hearing and findings of fact. Special Term first must determine which of the parties' assets constitute marital property subject to equitable distribution (see Domestic Relations Law, § 236, part B, subd 1, par c). It would appear that the major assets constituting marital property are the marital residence and defendant's pension. A determination must be made as to the net value of each asset before determining the distribution thereof. In this regard, Special Term must make explicit findings of fact as to the reasons for the distribution of each asset constituting marital property (Domestic Relations Law, § 236, part B, subd 5, par g) by utilizing the criteria in section 236 (part B, subd 5, par d) of the Domestic Relations Law (see *Duffy v Duffy,* 94 AD2d 711). If the marital residence has already been sold, Special Term should determine the net proceeds available for distribution. Since the record indicates that the parties' home required substantial repairs in order to put it in saleable condition, the cost of such repairs should be equitably borne by the parties. It is of course incumbent upon Special Term to make specific findings of fact to support the distribution of the proceeds from the sale of the marital residence, pursuant to section 236 (part B, subd 5, par g) of the Domestic Relations Law. If the marital residence has not yet been sold it should be appraised, if that has not already been done, and Special Term should retain jurisdiction to insure that the marital home is sold within a reasonable period of time and the net proceeds are divided in accordance with its decision. We further conclude that Special Term erred in awarding plaintiff one half of defendant's income from his pension upon his retirement in lieu of maintenance, without determining whether that pension is marital property subject to equitable distribution (see Domestic Relations Law, § 236, part B, subd 1, par c). In *Damiano v Damiano* (94 AD2d 132), this court held that pension benefits belonging to either spouse attributable to employment during the marriage constitute marital property subject to equitable distribution upon divorce. An award of an equitable share of defendant's pension to plaintiff is appropriate in the instant case, as both spouses during this long-standing marriage of nearly 30 years had the expectation of the future enjoyment of this asset, which is essentially a form of deferred compensation attributable to defendant's employment during the marriage (see *Damiano v Damiano, supra; Reed v Reed,* 93 AD2d 105; *Matter of Brown,* 15 Cal 3d 838; *Kikkert v Kikkert,* 177 NJ Super 471, affd 88 NJ 4). Therefore, during the evidentiary hearing held in accordance herewith, it will be necessary for Special Term to make detailed findings of fact as to the characteristics of defendant's pension (e.g., whether it is vested or nonvested), in order to determine the proper method of valuation in accordance with the principles discussed in *Damiano v Damiano* (*supra*). Special Term, must, then, arrive at plaintiff's proper equitable share of this pension utilizing the factors set forth in section 236 (part B, subd 5, par d) of the Domestic Relations Law. Expert witnesses may provide valuable assistance in arriving at the valuation of defendant's pension, and Special Term, in its discretion, may wish to make an award to plaintiff for the purpose of retaining an expert to assist her in ascertaining the value of her interest in defendant's pension (see *Litman v Litman,* 93 AD2d 695; *Fay v Fay,* 108 Misc 2d 373). Once Special Term has made its findings of fact on the valuation of defendant's pension and plaintiff's equitable share thereof, Special Term should reconsider its original decision that payments of maintenance to plaintiff will cease upon defendant's retirement. O'Connor, J. P., Bracken, Niehoff and Boyers, JJ., concur.