■ JOANNE PUZZI, Appellant, v JOSEPH PUZZI, Respondent. — In a matrimonial action, the plaintiff wife appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Nassau County (McCaffrey, J.), dated April 27, 1983, as (1) failed to include as marital property subject to equitable distribution the defendant husband's vested rights in a pension plan and (2) distributed the net proceeds of the sale of the marital residence in unequal shares. ¶ Judgment reversed insofar as appealed from, with costs, and matter remitted to the Supreme Court, Nassau County, for a new determination with respect to plaintiff's equitable share of defendant's pension and of the net proceeds of the sale of the marital residence, in accordance herewith. ¶ It is now settled that vested pension benefits belonging to either spouse, attributable to employment during the marriage, constitute marital property subject to equitable distribution upon divorce (*Majauskas v Majauskas,* 61 NY2d 481; *D'Amato v D'Amato,* 96 AD2d 849; *Damiano v Damiano,* 94 AD2d 132). Thus, Special Term erred when it declined to consider the defendant husband's vested pension from the New York City Fire Department as marital property, and the matter must be remitted for a determination of plaintiff's equitable share thereof. ¶ We note that the judgment ordered immediate sale of the marital residence and awarded the plaintiff wife 56% of the net proceeds of the sale and the defendant husband 44% thereof. In this manner, Special Term sought to fashion a distributive award (Domestic Relations Law, § 236, part B, subd 5, par e) so as to account for "the loss of inheritance and pension rights under dissolution of the marriage" (Domestic Relations Law, § 236, part B, subd 5, par d, cl [4]). However, the statutory reference to loss of pension rights as a factor to be considered in distributing marital property must not be read as excluding from the definition of marital property pension benefits attributable to employment during marriage (*Majauskas v Majauskas,* 61 NY2d 481, *supra*). Thus, Special Term erred in awarding to plaintiff wife a greater than equal share of the net proceeds of the sale of the marital residence in recognition of her loss of pension rights upon dissolution of the marriage. Upon remittitur, the court should make an equitable distribution of the net proceeds of the sale of the marital residence and of defendant husband's pension, rather than simply increasing plaintiff's share of the net proceeds of the sale of the marital residence to reflect her loss of pension rights. Lazer, J. P., Bracken, Rubin and Eiber, JJ., concur.