■ PATRICIA LENTZ, Appellant, v RUDOLPH LENTZ, Respondent. — In a matrimonial action, plaintiff wife appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Suffolk County (Geiler, J.), entered January 31, 1983, as (1) determined that defendant husband's nonvested pension did not constitute marital property subject to equitable distribution, (2) limited her maintenance to $60 per week for a period of five years and child support to $15 per week for each of the parties' three children, and (3) directed that the net proceeds derived from the sale of the marital residence, to take place when all of the children have attained the age of 21, be divided equally between the parties. ¶ Judgment modified, on the law and the facts, by deleting from the fourth decretal paragraph the words "$60 per week" (plaintiff's maintenance) and substituting therefor the words "$80 per week". As so modified, judgment affirmed insofar as appealed from, without costs or disbursements, and matter remitted to Special Term for a hearing to determine the value of defendant's nonvested pension and for equitable distribution thereof. ¶ The parties were married on May 12, 1962. There are three children of the marriage, the youngest of whom was born on January 18, 1966. During 10 out of the 20 years that the parties were married, the plaintiff wife was employed at various jobs on a part-time basis. In the spring of 1981, she began working full-time as a clerk, earning a net of approximately $157 per week. Her weekly expenses for the mortgage, home insurance, utilities and house maintenance alone total approximately $135 per week. Defendant husband has been employed by the Long Island Railroad since 1969. From 1971 until mid-1981, he worked as a signalman, earning over $25,000 in each of the last three years of that period. He testified that he was demoted to the position of helper in August, 1981 because of the adverse effects the pending divorce action was having on his ability to perform and that consequently he suffered a reduction in pay. As of the time of trial, defendant was earning a gross of approximately $396 per week, exclusive of overtime, or about $20,600 annually. The Long Island Railroad provides its employees with a pension which vests after 20 years of service. The defendant's pension benefits will vest in 1989. ¶ Special Term erred when it determined that defendant's nonvested pension was not marital property subject to equitable distribution. In *Damiano v Damiano* (94 AD2d 132), this court held that pension benefits belonging to

either spouse attributable to employment during the marriage, whether vested or nonvested, constitute marital property subject to distribution. An award of an equitable share of defendant's pension to plaintiff is appropriate in the instant case, inasmuch as both parties to this 20-year marriage had the expectation of the future enjoyment of this asset (see *Damiano v Damiano, supra;* see, also, *Rodgers v Rodgers,* 98 AD2d 386; *Perri v Perri,* 97 AD2d 399; *D'Amato v D'Amato,* 96 AD2d 849; cf. *Majauskas v Majauskas,* 61 NY2d 481). The marital property, however, shall include only that portion of the pension benefits which accrued during the marriage and prior to the commencement of the divorce action (see Domestic Relations Law, § 236, part B, subd 1, par c; *Damiano v Damiano, supra,* p 139). There is insufficient evidence in the record to determine the value of defendant's nonvested pension. Therefore, the matter is remitted to Special Term for a hearing to determine the value of defendant's pension rights and to allocate the parties' interests therein in accordance with the principles discussed in *Damiano v Damiano (supra).* ¶ Turning to the issues of maintenance and child support, we find that the $15 per week in child support for each of the children is appropriate. However, based upon an examination of the parties' relative needs, resources, and earning capacities, we find that an award of $80 per week in maintenance rather than the $60 per week awarded by the court is supported by the evidence. The additional maintenance award will assist the plaintiff in meeting her living expenses, which consist primarily of carrying charges on the marital home, without impinging unduly on defendant's ability to support himself (see *Rodgers v Rodgers, supra).* The court properly limited maintenance to a period of five years, however, since this is a sufficient period to enable plaintiff, who worked part time during the marriage, to refresh her skills. Moreover, plaintiff will no longer be paying any carrying charges on the marital residence at the end of this period since the house will have been put up for sale by this time pursuant to the judgment of divorce. Finally, we note that the court did not abuse its discretion when it failed to consider the marital fault of the defendant in determining the distribution of marital property *(Blickstein v Blickstein,* 99 AD2d 287). Niehoff, J. P., Boyers, Lawrence and Eiber, JJ., concur.