■ Lois Weilert, Respondent, v James R. Weilert, Appellant.—In a matrimonial action, the defendant husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Nassau County (Wager, J.), dated October 7, 1983, which, after a nonjury trial, *inter alia,* (1)

granted plaintiff a divorce on the ground of cruel and inhuman treatment, (2) awarded plaintiff wife title to the marital residence, (3) ordered defendant to pay maintenance of $50 per week for a period of five years, and (4) ordered defendant to pay child support in the amount of $30 per week for each of the four children of the marriage.

Judgment modified, on the law and the facts, by deleting therefrom the fourth and fifth decretal paragraphs. As so modified, judgment affirmed, insofar as appealed from, without costs or disbursements, and matter remitted to the Supreme Court, Nassau County, for a new determination as to the distribution of the marital property, in accordance herewith. Pending that new determination, plaintiff is awarded exclusive possession of the marital residence.

The uncontradicted evidence at trial showed that the defendant had abused alcohol for several years, had verbally abused plaintiff throughout 1980 and 1981, and had struck both plaintiff and one of the couple's children while intoxicated. As a result, plaintiff suffered from nervous problems and had to consult a physician. Under these circumstances, it cannot be said that the trial court abused its discretion in granting a divorce on the ground of cruel and inhuman treatment *(see, Hessen v Hessen,* 33 NY2d 406).

Since defendant had worked for many years for the same employer, with gross earnings in excess of $28,000 per year, while plaintiff had recently begun working and earned $383.88 gross every two weeks, it cannot be said that the award of $50 per week maintenance for a five-year period and $30 per week per child in child support was excessive *(cf. Lentz v Lentz,* 103 AD2d 822).

The trial court based its award of the marital residence to plaintiff partly on the fact that it awarded defendant's pension benefit to defendant alone. However, since there was no evidence offered at trial of the present value of the pension, we are unable to determine whether such award was equitable *(see, Damiano v Damiano,* 94 AD2d 132). The matter must, therefore, be remitted to the trial court for a determination of the value of the pension and for a new determination as to equitable distribution of property. Pending this new determination, we have determined that plaintiff shall be awarded exclusive possession of the marital residence *(see,* Domestic Relations Law § 236 [B] [5] [f]). Gibbons, J. P., Bracken, Kunzeman and Kooper, JJ., concur.