■ GLORIA DEL GADO, Respondent, v ELISEO DEL GADO, Appellant.—Order of the Supreme Court, Bronx County (Wallace R. Cotton, J.), entered January 8, 1986, which, *inter alia,* disaffirmed the report of the Special Referee, dated August 1, 1984, insofar as it recommended that there be no equitable distribution of defendant's pension rights, is modified, on the law and on the facts, to the extent of confirming the Special Referee's report insofar as it recommended that there be no equitable distribution of defendant's pension rights, and otherwise affirmed, without costs. Judgment of the same court, entered January 14, 1986 pursuant to the aforesaid order, is modified, on the law and on the facts, to the extent of deleting paragraphs 4 and 5 thereof providing for a distribution of defendant's pension rights, and otherwise affirmed for the reasons stated in the report of the Special Referee.

Upon stipulation of the parties, the issues relating to equitable distribution were referred to a Special Referee to hear and

report with recommendations. After hearing the parties, he reported, among other things, that while defendant husband was eligible to retire from his job with the Transit Authority in one year's time with a pension equal to one half of his salary in the final year of his employment, plaintiff wife did not ask for a distribution of this marital asset. Accordingly, his recommended disposition of the marital property did not involve a distribution of defendant's pension rights. Disaffirming this aspect of the Special Referee's report on the ground that the record showed that "the wife's attorney specifically commented about the husband's pension during the course of the hearing", Special Term ordered, in effect, that defendant pay to plaintiff one third of the periodic pension payments to be received by him upon his retirement.

In his opening statement, plaintiff's attorney commented that "[T]he husband will within a few short years be eligible for retirement and I believe it's common knowledge and I can comment on the fact that the pension he is to receive will be computed on the basis of his last year's earnings and it is also common knowledge that the usual practice is to put in a very great deal of overtime during the last year in order to achieve a favorable pension." Summing up, plaintiff's attorney, after pointing out that defendant had a sideline which could be pursued full time upon his retirement, commented: "[When defendant retires], seeing that he is in excellent health, it is very likely that he will assume his [window] business on a full-time basis. Again, he'll have a pension of roughly half his last year's income which will probably be in excess of Twenty thousand dollars". The only proof concerning the characteristics of defendant's pension plan adduced by plaintiff at the hearing were admissions by him that he was eligible to retire in one year at half the salary earned during the last year of his employment. While the Special Referee found that defendant's salary was $25,000 in the year preceding the hearing, and that he earned an additional $7,000 in overtime, no finding was made as to what defendant's salary would be in the last year of his employment, whenever that might be. No proof was offered as to the present value of defendant's pension.

Summing up to the Special Referee, plaintiff's attorney asked for maintenance of $100 a week, and "on the issue of equitable distribution", a lump-sum payment of $37,000, consisting of 50% of the value of various items, none of which included defendant's pension, and 50% of the proceeds from the sale of the parties' marital residence, a three-family house

also operated by defendant as rental property found by the Special Referee to be "the sole marital asset" subject to equitable distribution.

It thus appears that, as the Special Referee reported, plaintiff, in fact, did not request a distribution of defendant's pension. Rather, the comments of her attorney concerning defendant's pension were made in the context of an argument that, defendant's income, present and potential, being greater than plaintiff's maintenance should be awarded. While plaintiff's failure to request a distribution of the pension at the hearing strongly predisposes us to rule that the pension should not be distributed, we do not hold that such failure estopped plaintiff, as a matter of law, from making such a request upon receipt of the Special Referee's report. Nor do we hold that a distribution of the pension is precluded by plaintiff's failure to adduce proof of its present value *(but see, Majauskas v Majauskas,* 61 NY2d 481, 491 ["where, as here, (pension) rights are vested * * * they have an actuarially calculable value"]; *Michalek v Michalek,* 114 AD2d 655, 657 ["a pension interest cannot be divided where it is unvalued (citation omitted). Thus, plaintiff has the burden, as the one seeking a portion of the pension interest, of establishing the value of said interest, usually by actuarial evidence, as well as evidence of the plan itself, establishing the pensioner's rights (citations omitted)"]; *see also, Damiano v Damiano,* 94 AD2d 132; *D'Amato v D'Amato,* 96 AD2d 849; *Lentz v Lentz,* 103 AD2d 822 [all remanding for proof of present value]). We hold only that, in view of the particular circumstances of the parties, plaintiff should not be given a share of defendant's pension. As found by the Special Referee, and confirmed by Special Term, the parties conducted their financial dealings in an arm's length fashion and were in large measure self-supporting over the course of the marriage. They are presently earning approximately equal salaries and their future earning potential also appears to be approximately equal. Defendant made no claim to share in plaintiff's professional nursing license, acquired during the marriage at some sacrifice to defendant, nor to any pension to which she herself might be entitled. We think, as recommended by the Special Referee, that the fairest way to dissolve this long-standing marriage of more than 20 years is simply to sell the three-family house owned by defendant, the proceeds to be divided equally between the parties, without any other disposition of the parties' assets. Concur—Kupferman, J. P., Ross, Asch and Wallach, JJ.

Kassal, J., dissents and would affirm for the reasons stated by Cotton, J., at Special Term.