■ Lois WEILERT, Respondent, v JAMES R. WEILERT, Appellant.—In a matrimonial action in which the parties were divorced by judgment dated October 6, 1983, the defendant husband appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Nassau County (Wager, J.), entered October 17, 1988, which, upon remittitur by this court for a determination of the value of the husband's pension and for a new determination as to the equitable distribution of the property *(see, Weilert v Weilert,* 115 AD2d 473), awarded title to and possession of the marital residence to the plaintiff wife and awarded the defendant his pension rights, and directed the plaintiff to deliver to the defendant a duly executed satisfaction of the defendant's confession of judgment dated April 10, 1987, for maintenance and child support arrears in the amount of $8,998.30, with interest from March 30, 1987.

Ordered that the order entered October 17, 1988, is reversed insofar as appealed from, without costs or disbursements, the second, third, and fourth decretal paragraphs thereof are deleted, and the matter is remitted to the Supreme Court, Nassau County, for a new determination as to the distribution of the marital property, in accordance herewith. Pending that new determination, the plaintiff is awarded exclusive possession of the marital residence.

This matrimonial action is presently before us after remittal to the Supreme Court for a determination as to the value of the husband's pension and for a new determination as to the equitable distribution of property *(see, Weilert v Weilert,* 115 AD2d 473, *supra).* In our prior determination we noted that the trial court based its award of title and possession of the marital residence to the plaintiff partly on the fact that it awarded the defendant's pension benefit to the defendant alone. However, "since there was no evidence offered at trial of the present value of the pension [the court was] unable to determine whether such award was equitable" *(Weilert v Weilert, supra,* at 474). Accordingly, the judgment was modi-

fied, on the law and the facts, by deleting therefrom the fourth and fifth decretal paragraphs, and the matter was remitted to the Supreme Court for a new determination.

The parties subsequently stipulated that the present value of the pension at the time of trial was $7,788.40, and further stipulated that the prior valuation of the home at $50,000 would be binding for the purposes of the present determination. The Supreme Court awarded the wife sole title to the marital residence and awarded the husband sole entitlement to his pension rights. These are the only marital assets of any significance. Additionally, the wife was ordered to deliver a satisfaction of the husband's confession of judgment dated April 10, 1987, for maintenance and child support arrears in the amount of $8,998.30 with interest from March 30, 1987.

The husband now appeals from the order entered October 17, 1988, on the ground that the distribution of the marital assets was inequitable.

As a general rule, marital fault is not a relevant consideration under the equitable distribution provisions of the Domestic Relations Law (see, O'Brien v O'Brien, 66 NY2d 576; Blickstein v Blickstein, 99 AD2d 287). However, there will always exist those rare cases where the marital misconduct is so egregious and shocking to the court that it will be compelled to invoke its equitable power in order that justice may be done between the parties (see, Brancoveanu v Brancoveanu, 145 AD2d 395). While the defendant herein may not have been a model husband or an ideal father, this is not one of those rare cases where marital fault should have entered into the equitable distribution equation. Nor does the record support a finding of "[e]conomic fault, which consists of dissipation or secreting of assets, or other conduct which unfairly prevents the court from making an equitable distribution of marital property" (Blickstein v Blickstein, supra, at 293).

Since the trial court apparently improperly relied upon "marital fault" in fashioning its award, the matter must be remitted to the Supreme Court for a new determination as to equitable distribution with proper consideration given to the statutory factors. We make no determination at this time as to what percentage of the marital property each party should receive. However, we would note that while ordinarily the courts try to avoid a method of distribution which denies a spouse the immediate realization of equity in the assets awarded, there are times when the needs of the custodial parent of the infant children to occupy the marital residence

may be an overriding consideration *(see, Hillmann v Hill-mann,* 109 AD2d 777).

Finally, we would note that the court did not err in failing to take into consideration the defendant's tax liabilities with respect to his pension, since he failed to adduce any evidence on this issue *(see, Gluck v Gluck,* 134 AD2d 237). Bracken, J. P., Kunzeman, Kooper and Balletta, JJ., concur.