■ COMBA CONCEICAO, Respondent, v CESAR J. CONCEICAO, Appellant. [611 NYS2d 318] —Mikoll, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (DiFede, J.H.O.) ordering, *inter alia,* equitable distribution of the parties' mari-

tal property, entered November 25, 1991 in Westchester County, upon a decision of the court.

Defendant challenges Supreme Court's equitable distribution of marital property as contrary to Domestic Relations Law § 236 (B). Plaintiff commenced this action for, *inter alia,* divorce and equitable distribution on or about March 21, 1988. Defendant counterclaimed for a divorce alleging cruel and inhuman treatment. The matter came on for trial and Supreme Court, *inter alia,* dismissed defendant's counterclaim, granted plaintiff a divorce on the ground of abandonment and ordered equitable distribution of the marital property and mortgage income. The parties' real property was to be liquidated and the proceeds distributed, with 70% going to plaintiff and 30% to defendant. Judgment was entered from which defendant now appeals.

The underlying facts are as follows. Defendant immigrated from Portugal and within five years started his own construction company. Plaintiff also immigrated from Portugal. She had a fourth grade education and was not otherwise employed after her marriage to defendant, fulfilling the role of a homemaker. The parties were married in 1962. In 1986, defendant removed himself from the marital home in Westchester County and took up residence in a cabin the parties jointly owned in Greene County. The parties have two emancipated boys who resided with and were supported by plaintiff up until the time of trial of this action, December 6, 1990. At that time plaintiff was 52 years old and defendant was 62 years old. Defendant is no longer employed and reportedly suffers from gout, high blood pressure, heart problems and has a prosthesis on his left foot as the result of a hunting accident. Plaintiff suffers from asthma. Defendant has been a long-time gambler and, according to his account, a successful one. The family apparently has not suffered from lack of money. Following defendant's departure, plaintiff was appointed as receiver of rental and other income derived from the parties' real estate holdings.

Defendant contends that Supreme Court erred in failing to set forth in its decision the factors upon which it relied in arriving at its equitable distribution award. Domestic Relations Law § 236 (B) (5) (g) provides that "the court shall set forth the factors it considered and the reasons for its decision" in any decision concerning the distribution of marital assets. The statute also demands that, in determining an equitable distribution of marital property, a court must consider, *inter alia,* the duration of the marriage, the age, health and future

economic prospects of the parties, the occurrence of wasteful disposition of assets by either spouse and "any other factor which the court shall expressly find to be just and proper" (Domestic Relations Law § 236 [B] [5] [d] [1]-[13]). Here, Supreme Court did not acknowledge that Domestic Relations Law § 236 (B) (5) (d) sets forth a list of factors to be considered and, when it did refer to factors on the list, the court did not show how the factor related to the final award. Further, Supreme Court did not connect defendant's "authoritarian way of dealing with marital property" and its purported rationale for awarding plaintiff 70% of the proceeds from the liquidation of the marital real property with the "catchall" factor set forth in Domestic Relations Law § 236 (B) (5) (d) (13). The trial record, however, is adequate for this Court to replace Supreme Court's determination with its own (see, Cappiello v Cappiello, 66 NY2d 107, 110; Chassin v Chassin, 182 AD2d 862, 864; Sementelli v Sementelli, 102 AD2d 78, 86).

In the instant case, the relevant statutory factors to be considered are the duration of the marriage, which was more than 20 years; the ages of the parties; the less than perfect health of the parties; the fact that their children are emancipated; and the discontinuation by defendant of his business, thereby limiting his future employment prospects. Furthermore, plaintiff had very limited formal education, never worked outside of the home and also had little likelihood of future employment. In addition, defendant was apparently supporting himself from savings. Normally, these factors would lead to an equal division of the marital assets. Other significant factors, however, are at work. The record contains documentary evidence that defendant suffered large losses due to gambling and there is little to support his claims that he won more than he lost. This leads to the conclusion that, in light of his evasiveness and lack of financial records regarding his expenditures from bank accounts, he dissipated marital assets through gambling. Based on defendant's tangled financial records, his gambling activities, his attempted secretion of moneys and his evasiveness, we conclude that defendant has engaged in economic misconduct warranting the 70%-30% division of marital property in plaintiff's favor (see, Weilert v Weilert, 167 AD2d 463, 464; Contino v Contino, 140 AD2d 662, 662-663; Blickstein v Blickstein, 99 AD2d 287, 293).

Cardona, P. J., Weiss and Peters, JJ., concur. Ordered that the judgment is affirmed, with costs.