■ ANGELINA PARISIO, Respondent, v CHARLES PARISIO, Appellant. [658 NYS2d 546] —Peters, J. Appeal from an amended judgment of the Supreme Court (Connor, J.) ordering, *inter alia*, a modification of defendant's child support obligation, rendered February 23, 1996 in Ulster County, upon a decision of the court.

The parties, married in May 1976, have two children, Paul

(born in 1977) and Talia (born in 1980). Upon their divorce in May 1992, Supreme Court awarded sole custody of the children to plaintiff, maintenance to plaintiff in the amount of $100 per week and child support in the amount of $261 per week. Temporary exclusive possession of the marital residence was granted to plaintiff, with defendant held responsible for the payment of, *inter alia*, "all real property taxes, homeowner's insurance on the two (2) mortgages" then on the residence. Efforts by plaintiff to cure what she believed to be an error in the court's order,* so as to clearly require him to pay all mortgage payments as well as the real property taxes and homeowner's insurance, were unsuccessful.

In August 1993, in open court and on the record, the parties mutually agreed to, *inter alia*, change their custody arrangement to have Talia remain with plaintiff and Paul reside with defendant. Other issues which were purportedly resolved by such stipulation were later back before Supreme Court for resolution. At a scheduled hearing on June 19, 1995, the parties settled all issues except those pertaining to a modification of defendant's child support obligation, maintenance and the determination of arrearages.

In its decision, dated September 21, 1995, Supreme Court determined that it was appropriate to deviate from the strict application of the Child Support Standards Act (hereinafter CSSA; *see*, Domestic Relations Law § 240 [1-b] [g]) formula so as to take into account "defendant's payment of mortgage obligations and carrying charges on the residence where one of the children resides". It thereafter applied the CSSA formula for two children (25%), determined the parties' combined parental income, and prorated the resultant figures to determine that the "net" child support to be paid by defendant was $133.30 per week. The court then found that plaintiff was entitled to arrearages in the payment of both maintenance and child support, retroactive to January 1993. Child support arrearages amounted to $17,329 whereas arrearages for spousal maintenance were $13,000. In reaching such computations, the court, *sub silentio*, concluded, that defendant had paid no moneys toward child support or maintenance for over $2^1/_2$ years. Concerning such abrogation of the court-ordered obligations, Supreme Court stated that while "defendant would be entitled to [a] credit against * * * any amounts he may have actually paid child support, child care, and uninsured health

* Plaintiff contended that the word "on" with reference to the payment of mortgages was a typographical error and should be replaced with the word "and".

expenses, and maintenance retroactive to January, 1993 * * * no such payments have been established by either party on the papers submitted".

Defendant now appeals, contending that Supreme Court was without authority to order him to pay the two outstanding mortgages against the former marital residence. Further, he argues that even if it is determined that he is so obligated, the court incorrectly calculated his child support obligation and failed to properly credit him with mortgage payments made during the period of claimed arrearages. According to defendant, by paying the two monthly mortgage charges of $1,351 per month during the purported period of arrearages, he has paid more than his court-ordered obligations and therefore deserves a credit. We disagree.

We are not here dealing with a responsible parent/spouse who, upon compliance with court-ordered support and maintenance obligations, then voluntarily chooses to cover other family expenses. Rather, defendant failed to pay his court-ordered child support and maintenance obligations for $2^{1}/_{2}$ years and chose, instead, to protect his equity interest by allegedly paying the mortgages. Under such circumstances, he should receive no credit for any such voluntary payments against his court-ordered obligations (*see, Horne v Horne*, 22 NY2d 219; *Matter of Carella v Collins*, 228 AD2d 725, 726, *appeals dismissed, lv denied* 89 NY2d 854).

We further find the record insufficient to conclude that Supreme Court had, at any time, ordered defendant to pay the mortgage obligations. The court, therefore, erred in deducting a portion thereof from defendant's gross income prior to calculating the basic child support obligation (*cf., Posson v Posson*, 229 AD2d 690; *Hart v Hart*, 227 AD2d 698; *Krantz v Krantz*, 175 AD2d 863).

As to the actual calculation of the child support obligation, we note that after determining the parties' combined parental income, Supreme Court should have calculated each party's proportionate obligation for the support of the child residing with the other party in accordance with the appropriate child support percentage for one child (17%) (*see*, Domestic Relations Law § 240 [1-b] [b] [3] [i]; *Riseley v Riseley*, 208 AD2d 132, 135).

In light of our determination that Supreme Court had, at no time, directed defendant to pay the mortgage obligations on the marital residence, we affirm so much of the amended judgment which adjudged arrearages due plaintiff in the amount of $30,329 for child support and maintenance, and remit this matter to Supreme Court for a redetermination of child support.

Mikoll, J. P., Mercure, Crew III and White, JJ., concur. Ordered that the amended judgment is modified, on the law and the facts, without costs, by reversing so much thereof as established defendant's child support obligation; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.