■ JANE MAHARAM, Appellant, v ROBERT MAHARAM, Respondent. [666 NYS2d 129] —Order, Supreme Court, New York County (Richard Andrias, J.), entered on or about July 10, 1996, which resolved issues related to the composition and valuation of the marital estate and equitably distributed those assets, allocating to plaintiff 55% of an estate valued at $3,411,964 (including the escrowed proceeds from sale of the marital residence), less credit for $650,980.33 previously paid by defendant, amounting to a net entitlement of $1,225,599.87, plus legal fees to be determined by a Referee, unanimously modified, on the law, to increase the size of the net marital estate by $272,015, expand the allocation of distributed assets in plaintiff's favor to 65%, add a credit to plaintiff of $12,450 for separate property, and reduce by $63,567.75 the credit for sums previously paid by defendant, resulting in a net entitlement to plaintiff of $1,819,623.72, plus interest from the date of judgment (February 3, 1984), plus any legal fees determined at the referral, and otherwise affirmed, without costs.

Penalizing one party in the distribution of assets from a marital estate is appropriate where his egregious economic misconduct has prevented the court from making an equitable determination (*Goldberg v Goldberg*, 172 AD2d 316, 317, *lv dismissed* 78 NY2d 1124; *see generally, Blickstein v Blickstein*, 99 AD2d 287, 292, *appeal dismissed* 62 NY2d 802). The factors

considered in so adjusting an equitable distribution must be set forth by the court (*Capasso v Capasso*, 119 AD2d 268, 272), and where the trial court fails to list those factors, the Appellate Division may do so upon an adequate record (*O'Brien v O'Brien*, 66 NY2d 576, 589).

This record is replete with evidence that defendant secreted assets in a foreign bank account, thus preventing the court from making an accurate assessment of the size of the marital estate. He also squandered sizable sums on luxury items and in admitted adulterous affairs. Under the circumstances, a 65%-35% division of marital property is appropriate (*see, Conceicao v Conceicao*, 203 AD2d 877, 879).

Erroneously excluded from the trial court's listing of assets was a $264,000 consulting fee received by defendant in 1983. This fee should have been included, not because of its chronological relationship to the valuation of the marital estate, but rather because it was received in connection with the sale of defendant's business. Likewise, $8,015 in interest payments received by defendant on the sale of his share of a Chicago business affiliate should have been included, inasmuch as the principal amount of the note was considered to be an estate asset.

Plaintiff's testimony was uncontroverted that she brought about $10,000 to the marriage, and that her parents contributed $2,450 as a down payment on the parties' first home. She should thus have been credited with this sum.

Defendant's credit for sums previously paid to plaintiff, concededly governed by a 1987 stipulation between the parties, should be proportionally reduced with respect to $40,000 that he withdrew from an escrow account for plaintiff's legal fees, and with respect to plaintiff's share of interest on the parties' escrow account for the sale of the marital residence. This amounts to an adjustment of $63,567.75 in plaintiff's favor.

On this appeal, plaintiff seeks to have two sizable sums included in the marital estate. The first is $775,437 in interest allegedly payable to defendant on the note he received for sale of his share in the textile business. The second is the balance of two stock accounts with Thomson McKinnon Securities (valued at either $279,067.30 or $163,687.69). Both would appear to be marital assets, but plaintiff has failed to point out where she ever asked the trial court for inclusion of these items.

We agree with the trial court's determination that the commencement of this action is the appropriate valuation date for the marital estate, notwithstanding a contrary pre-trial ruling

by another Judge. This was a matter within the sound discretion of the trial court, and there is no indication that that court was ever requested to take judicial notice of the prior ruling. Furthermore, the Appellate Division is not bound by the doctrine of law of the case.

Finally, plaintiff is entitled to interest on her entitlement since the divorce judgment in 1984, which is the date she claims for valuation of the marital estate. Such interest represents a charge for the use of another's money, rather than a penalty for fault (*Selinger v Selinger*, 232 AD2d 471, 473, *lv denied* 90 NY2d 842).

We have reviewed plaintiff's other contentions and find them to be without merit. Concur—Milonas, J. P., Ellerin, Wallach and Rubin, JJ.