■ GEORGE ATWEH, Respondent, v MOUNA HASHEM, Appellant. [726 NYS2d 424] —Judgment, Supreme Court, New York County (Jacqueline Silbermann, J.), entered on or about May 11, 2000, which, to the extent appealed from as limited by the briefs, awarded defendant child support without provision for upward adjustment of the award upon termination of plaintiff's maintenance obligation; awarded defendant $4,500 per month in maintenance for three years; distributed the marital assets and directed that the parties be responsible for their own attorneys fees, unanimously modified, on the law and the facts, to provide that, pursuant to Domestic Relations Law § 240 (1-b) (b) (5) (vii) (C), plaintiff's child support obligation is to be adjusted upward when his maintenance obligation terminates; that the award of temporary maintenance to defendant is to be for a period of five, rather than three, years; to find that $29,000 of the funds originally in the Chase Vista account is marital property; and to direct that plaintiff pay defendant's reasonable attorneys' fees and otherwise affirmed, and the matter remanded for further proceedings consistent herewith and for entry of an amended judgment in accordance herewith, without costs.

While it was appropriate for the court to deduct maintenance to be paid to defendant wife from plaintiff's income for purposes of computing plaintiff husband's child support obligation, the IAS court erred when it failed to provide in its judgment for an upward adjustment of child support upon the

termination of plaintiff's temporary maintenance obligation (*see*, Domestic Relations Law § 240 [1-b] [b] [5] [vii] [C]; *Block v Block*, 258 AD2d 324).

Although, in view of defendant wife's advanced degrees and training, the award of lifetime maintenance sought by defendant would not have been appropriate, consideration of the relevant circumstances leads us to conclude that the duration of the temporary maintenance award made by the IAS court is too brief. During the parties' marriage of some 16 years, defendant sacrificed vocational opportunities to care for her child and her husband. Given the lengthy period during which she has been relatively inactive professionally and the circumstance that she has custody of and is the primary caregiver for the parties' young child, we conclude that it is not reasonable to expect that defendant will be able to support herself in a lifestyle approximating that which she enjoyed during the parties' marriage (*see*, *Kirschenbaum v Kirschenbaum*, 264 AD2d 344) in just three years and, accordingly, that she should continue to receive maintenance at the level set by the IAS court for an additional two years.

Defendant should have been awarded attorneys' fees, since, although the parties have comparable assets, plaintiff husband, having had an uninterrupted and successful career as a professor of medicine, has significantly greater earning power than defendant. Given this disparity, defendant "should not be required to spend down a substantial portion of [her limited] assets in order to qualify for an award [of legal fees]" (*see*, *Charpie v Charpie*, 271 AD2d 169, 172). Accordingly, we conclude that plaintiff should be responsible for defendant's reasonable attorneys' fees, and remand for a determination as to the amount of such fees.

In view of plaintiff's admissions as to personal expenditures made by him subsequent to the commencement of this action from the Chase Vista account, the value of that account, a marital asset, should have been set at $29,000 rather than the $23,220 figure arrived at by the IAS court.

The issue of whether defendant should have been awarded exclusive occupancy of the marital residence will apparently be rendered moot by the wife's impending purchase of said residence. In any event, given the limited resources of the parties, the court's direction that the marital residence be sold constituted a proper exercise of discretion (*see*, *Gardner v Gardner*, 49 AD2d 903).

Defendant has waived any claim that her enhanced earning capacity was not properly valued since, at trial, she consented to the court's acceptance of plaintiff husband's valuation.

Defendant's remaining argument, respecting whether the court properly distributed plaintiff husband's TIAA-CREFF retirement fund, is not appropriately made for the first time in defendant's reply brief (*see, Vieira v Tishman Constr. Corp.*, 255 AD2d 235). Were we to review the claim, however, we would reject it. Concur—Rosenberger, J. P., Williams, Tom, Wallach and Friedman, JJ.