■ In the Matter of DRAMOS I. KALAPODAS, Respondent-Appellant, v ADRIANA I. KALAPODAS, Appellant-Respondent. [762 NYS2d 453] —Appeal and cross appeal from an order of Family Court, Steuben County (Bradstreet, J.), entered August 21, 2001, which, inter alia, determined respondent's child support obligation.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law and as modified the order is affirmed without costs in accordance with the following memorandum: Respondent appeals and petitioner cross-appeals from an order determining respondent's child support obligation. Petitioner commenced an action by filing a summons with notice on December 30, 1993, seeking a divorce, custody of the parties' two children, and child support. By notice of motion dated June 18, 1996, petitioner moved for, inter alia, temporary child support retroactive to the time when the parties' children began living with him. Supreme Court (Purple, Jr., J.), by order dated December 4, 1996, denied that part of the motion for retroactive child support because it mistakenly believed that the motion was petitioner's first request for child support when in fact petitioner had requested child support in his summons with notice. Thus, the court stated that it would consider petitioner's request for child support only from June 19, 1996 and determined that a hearing was necessary. A judgment of divorce was entered on October 1, 1998 by a different trial justice upon respondent's default, and respondent's motion to vacate the default judgment was thereafter denied. We affirmed the order denying respondent's motion (*see Kalapodas v Kalapodas*, 267 AD2d 1111 [1999], *lv dismissed* 95 NY2d 791 [2000]). The judgment of divorce referred the issue of child support to a hearing examiner "to determine Plaintiff's demand of child support from the Defendant retroactive to January 1, 1995 to the present, based on the present financial circumstances." Upon the referral, the Hearing Examiner noted the discrepancy between the date of petitioner's motion for, inter alia, temporary child support and the date in the judgment of divorce specifying the date from which child support was sought, and he used the date set forth in the judgment of divorce, i.e., January 1, 1995. The Hearing Examiner interpreted the phrase "based on the present

financial circumstances" as a directive to use only the parties' 1998 incomes in calculating child support retroactive to 1995. In her objections to the Hearing Examiner's order of support, respondent asserted, inter alia, that child support should have been ordered retroactive only to June 19, 1996, and that petitioner therefore was not entitled to any child support for the older child, whose 21st birthday had occurred prior to that date. Family Court agreed with respondent that child support should be ordered retroactive only to June 18, 1996 (*sic*), but otherwise adopted the Hearing Examiner's order of support.

It is unclear from the record whether Family Court deemed itself bound by the doctrine of law of the case to direct that child support was retroactive only to June 18, 1996 (*sic*), based on the order of Justice Purple dated December 4, 1996. In any event, this Court is not so bound (*see Martin v City of Cohoes*, 37 NY2d 162, 165 [1975], *rearg denied* 37 NY2d 817 [1975]; *Maharam v Maharam*, 245 AD2d 94, 96 [1997]; *see also Richter v Richter*, 156 AD2d 653, 654 [1989]), and we conclude that petitioner is entitled to child support retroactive to January 1, 1995 with respect to one child and retroactive to June 1, 1995 with respect to the other. Child support is retroactive to the date on which the party made application therefor (*see* Domestic Relations Law § 236 [B] [7] [a]), and petitioner's summons with notice constitutes such application (*see Burns v Burns*, 84 NY2d 369, 377 [1994]; *Harris-Logan v Logan*, 228 AD2d 557 [1996]). Here, however, the children were not living with petitioner at the time he filed the summons with notice and, indeed, petitioner has not sought child support from the date of filing. We conclude that petitioner is entitled to child support for the older child from January 1, 1995, the date from which he requests such support, through March 10, 1996, the date of that child's 21st birthday. Petitioner is further entitled to child support for the younger child from June 1, 1995, the date on which that child began living with him, through June 15, 1998, the date of that child's 21st birthday.

We agree with respondent that the child support obligation should be based on the parties' yearly incomes from 1995 through 1998. "[W]here, as here, the court does not render a child support determination until some time after the commencement of the action, the amount of retroactive child support should be based on the parties' income for each year that child support is awarded" (*Wilson v Wilson*, 226 AD2d 711, 712 [1996]; *see Otto v Otto*, 207 AD2d 530, 532 [1994]). It is unclear from the record whether Family Court deemed itself bound by the doctrine of law of the case to order child support "based on

the present financial circumstances," as recited in the judgment of divorce (*see generally Francisco v General Motors Corp.*, 277 AD2d 975, 976 [2000]) but in any event, as previously noted, this Court is not so bound (*see Martin*, 37 NY2d at 165; *Maharam*, 245 AD2d at 96; *see also Richter*, 156 AD2d at 654). Thus, we conclude that the child support obligation should be calculated based on the parties' yearly incomes from 1995 through 1998.

"Because the record permits, and in the interest of judicial economy, we shall * * * determine the appropriate child support award" (*Matter of Gluckman v Qua*, 253 AD2d 267, 270 [1999], *lv denied* 93 NY2d 814 [1999]; *see Matter of Ballard v Davis*, 248 AD2d 858, 860 [1998], *lv denied* 92 NY2d 803 [1998]; *Chasin v Chasin*, 182 AD2d 862, 864 [1992]). The parties' combined income in 1998 for child support purposes was $59,092; 17% of that figure is $193.19 per week, and respondent's 71% share of that figure is $137.16 per week. One child under the age of 21 was living with petitioner for 24 weeks in 1998, making respondent's total child support obligation for that year the sum of $3,291.84. The parties' combined income in 1997 was $55,229; 17% of that figure is $180.56 per week, and respondent's 71% share of that figure is $128.20 per week. One child under the age of 21 was living with petitioner for 52 weeks in 1997, making respondent's total child support obligation for that year the sum of $6,666.40. The parties' combined income in 1996 was $43,940; 17% of that figure is $143.65 per week and 25% of that figure is $211.25 per week. Respondent's 73% share of those figures is $104.86 per week and $154.21 per week, respectively. Two children under the age of 21 were living with petitioner for 10 weeks in 1996, for a subtotal of $1,542.10; one child under the age of 21 was living with petitioner for the remaining 42 weeks of 1996, for a subtotal of $4,404.12. Respondent's total child support obligation for 1996 is therefore the sum of $5,946.22.

Calculating child support for the year 1995 is more complex because there was a split custody arrangement in place from January 1, 1995 to May 30, 1995. Thus, the party with the lesser child support obligation will receive a net amount for that period (*see Parisio v Parisio*, 240 AD2d 900, 902 [1997]; *Matter of DeVoe v Erck*, 226 AD2d 1111, 1112-1113 [1996]). The parties' combined income for 1995 was $37,744; 17% of that figure is $123.39 per week, and 25% of that figure is $181.46 per week. Respondent's 51% share of those figures is $62.93 per week and $92.54 per week, respectively. Petitioner's 49% share of the 17% figure is $60.46 per week. One child

under the age of 21 was living with petitioner and the other child under the age of 21 was living with respondent for 22 weeks, making respondent's net obligation the sum of $2.47 per week, for a subtotal of $54.34. Both children were living with petitioner for the remaining 30 weeks, for a subtotal of $2,776.20. Respondent's total child support obligation for 1995 is therefore $2,830.54, and respondent's total obligation for retroactive child support is therefore $18,735 from January 1, 1995 through June 15, 1998.

As previously indicated, respondent's percentage of the parties' total income was 71% in 1998, 71% in 1997, 73% in 1996, and 51% in 1995. Thus, respondent will be responsible for any uninsured medical expenses in those percentages from January 1, 1995 through June 15, 1998.

We have examined the parties' remaining contentions and conclude that they lack merit. Present—Pine, J.P., Hurlbutt, Kehoe, Gorski and Hayes, JJ.