■ RACHELL M. GOBER, Appellant-Respondent, v IRA L. GOBER, Respondent-Appellant. [772 NYS2d 32]—

Judgment, Supreme Court, New York County (Judith Gische, J.), entered August 21, 2002, which dissolved the marriage and distributed the marital property between the parties, unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of remanding the matter for revision of the cash distributive award so as to provide that defendant pay interest at the statutory rate on the unpaid balance of the distributive award to plaintiff until final payment thereof and reducing the payout period to four years, deleting the paragraph in the judgment relating to division of plaintiff's jewelry and furs, and otherwise affirmed, without costs.

The trial court properly awarded plaintiff the marital bank and securities accounts, which at the time of trial were valued at $15,054,163. The Domestic Relations Law does not authorize recalculation of the marital estate and redistribution of assets when market forces cause a posttrial increase or decrease in the value of distributed property (see Domestic Relations Law § 236 [B] [4] [b]).

In order to equalize the distribution between the parties, the trial court held that plaintiff should receive not only certain specified marital property but a distributive cash award exceeding $13 million, to be paid out over a period of seven years. Until defendant has made full payment, he is availing himself of plaintiff's money, for which he should be compelled to pay interest inasmuch as the distributive award is not a future award but a current one (see Maharam v Maharam, 245 AD2d 94, 96 [1997]). Moreover, the period allowed for such payout is excessive in view of defendant's high annual earnings and enormous borrowing potential.

Plaintiff should be permitted to retain her jewelry and furs (which were never evaluated), inasmuch as defendant was not required to divide his jewelry and other personal property. We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Nardelli, J.P., Saxe, Friedman, Marlow and Gonzalez, JJ.