Murray v Murray (2018 NY Slip Op 04138)





Murray v Murray


2018 NY Slip Op 04138


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, CARNI, AND DEJOSEPH, JJ.


424 CA 17-00215

[*1]ANGELA M. MURRAY, PLAINTIFF-RESPONDENT,
v
TODD A. MURRAY, DEFENDANT-APPELLANT. 






RANDY S. MARGULIS, WILLIAMSVILLE, FOR DEFENDANT-APPELLANT. 
EMILY A. VELLA, SPRINGVILLE, FOR PLAINTIFF-RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Cattaraugus County (Michael L. Nenno, A.J.), entered April 1, 2016 in a divorce action. The judgment, among other things, ordered defendant to pay plaintiff child support and maintenance. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by striking from the third decretal paragraph the phrase "the Plaintiff shall pay to the Defendant child support in the amount of $69 per week for Kyle with the net effect with Defendant to pay Plaintiff $104 per week with such payments to be retroactive to October 4, 2013" and substituting therefor the phrase "the Plaintiff shall pay to the Defendant child support in the amount of $116 per week for Kyle with the net effect being that Defendant shall pay Plaintiff $57 per week with such payments to be retroactive to November 2013, provided that, upon termination of Defendant's spousal maintenance obligation, Defendant's child support obligation shall be adjusted to $151 per week without prejudice to either party's right to seek a modification," and as modified the judgment is affirmed without costs.
Memorandum: On appeal from a judgment of divorce, defendant contends, among other things, that Supreme Court erred in calculating and setting the retroactive date of his net child support obligation to plaintiff with respect to the parties' children. One of the children resides with defendant, and the other resides with plaintiff. Pursuant to the amendment to Domestic Relations Law § 240, which was effective prior to entry of the judgment (see L 2015, ch 387, §§ 3, 4; see generally Matter of Panossian v Panossian , 201 AD2d 983, 983 [4th Dept 1994]; Butler v Butler , 171 AD2d 985, 986 [3d Dept 1991]), we conclude that including in plaintiff's income the amount of spousal maintenance to be paid to her for purposes of calculating child support (see § 240 [1-b] [b] [5] [iii] [I]) results in a net child support obligation payable from defendant to plaintiff of $57 per week. We further conclude that, upon termination of defendant's spousal maintenance obligation, his child support obligation must be adjusted to $151 per week (see id. ; § 240 [1-b] [b] [5] [vii] [C]). We therefore modify the judgment accordingly. We also conclude that the court erred in ordering child support retroactive to the date that plaintiff filed her summons with notice requesting such relief inasmuch as the parties' daughter did not live with plaintiff at that time (see Matter of Kalapodas v Kalapodas , 305 AD2d 1047, 1048 [4th Dept 2003]). Instead, plaintiff is entitled to child support retroactive to November 2013 when the daughter began living with her (see id. ). We therefore further modify the judgment accordingly. We have considered defendant's remaining contentions and conclude that none warrants reversal or further modification of the judgment.
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court