Pincus v Motulsky (2025 NY Slip Op 02425)

Pincus v Motulsky

2025 NY Slip Op 02425

Decided on April 24, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 24, 2025

Before: Manzanet-Daniels, J.P., González, Shulman, O'Neill Levy, Michael, JJ. 

Index No. 350045/17|Appeal No. 4181|Case No. 2023-06407|

[*1]Caitlin S. Pincus, Plaintiff-Respondent,
v
Daniel T. Motulsky, Defendant-Appellant.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Rottenstreich Farley Bronstein Fisher Potter Hodas LLP, New York (Dan Rottenstreich of counsel), for respondent

Judgment of divorce, Supreme Court, New York County (Douglas Hoffman, J.), entered August 29, 2023, which, to the extent appealed from as limited by the briefs, bringing up for review an order, same court and Justice, entered January 3, 2023, which granted plaintiff wife's motion to confirm the arbitration awards and denied defendant husband's cross-motion to vacate the arbitration awards, and bringing up for review the post-trial arbitration decisions (Saralee Evans, Ret.), dated June 10, 2022, and July 29, 2022, which awarded the parties their respective equitable distribution and child support; and awarded the wife certain of her professional fees, unanimously affirmed, without costs.
Supreme Court properly upheld the arbitrator's award because the husband failed to demonstrate that the arbitrator exceeded her power, a determination that requires a finding that the award violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power (see CPLR 7511[b]; see also American Intl. Specialty Lines Ins. Co. v Allied Capital Corp., 35 NY3d 64, 70 [2020] [internal quotation marks omitted]; Matter of Kowaleski [New York State Dept. of Correctional Servs.], 16 NY3d 85, 90 [2010]; Matter of Board of Educ. of the Yonkers City Sch. Dist. v Yonkers Fedn. of Teachers, 185 AD3d 811, 811-812 [2d Dept 2020], lv denied 37 NY3d 902 [2021]). Judicial review of arbitration awards is extremely limited (see Matter of Falzone [New York Cent. Mut. Fire Ins. Co.], 15 NY3d 530, 534 [2010]; Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479 [2006]), and an award "will not be overturned merely because the arbitrator committed an error of fact or of law" (Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co., 89 NY2d 214, 223 [1996]).
Here, the parties' arbitration stipulation included a broad arbitration provision, allowing the arbitrator to resolve all controversies and claims relating to the marriage, including any pending motions, future motions, equitable distribution, counsel and expert fees, sanctions, credits, maintenance, and child support. The arbitration stipulation also included a choice of law provision, however, that provision was not a specific enumerated limitation on the arbitrator's powers that required her to follow the strict requirement of the Domestic Relations Law. It is generally incumbent on the arbitrator to pass upon whether to apply any choice of law in the context of resolving the parties' dispute where, as here, a broad arbitration provision exists (see Matter of Yarmak v Penson Fin. Servs. Inc., 146 AD3d 642, 642 [1st Dept 2017]; Matter of Revson v Hack, 239 AD2d 169, 169 [1st Dept 1997]; Selendy v Quinn Emanuel Urquhart & Sullivan, LLP, 63 Misc 3d 954, 960 [Sup Ct, NY County 2019]).
Accordingly, Supreme Court properly recognized that the choice of law provision did not circumscribe the arbitrator's authority. In any event, even if the arbitrator's determinations [*2]of the parties' equitable distribution, child support, and professional fees did not strictly follow the letter of the Domestic Relations Law, they are "mere error[s] of law that [do] not provide a basis for vacatur" (Matter of Yarmak, 146 AD3d at 642).
Finally, the awards of equitable distribution and professional fees were neither duplicative nor punitive. Each was based in part on the husband's repeated deceptions, document falsifications, and obfuscations before the arbitrator. This conduct rendered it impossible for the arbitrator to determine the full amount of the marital estate, thus justifying the increased proportion of the equitable distributive award in the wife's favor (see Maharam v Maharam, 245 AD2d 94, 94 [1st Dept 1997]). The husband's actions also increased the wife's professional fees, thereby warranting the decision that the husband share in the costs incurred by the wife.
We have considered the husband's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 24, 2025