■ RONNE G. KAPLAN, Respondent, v ALAN T. KAPLAN, Appellant. [595 NYS2d 770] —Judgment, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered March 19, 1992 in favor of plaintiff and against defendant in the sum of $8,446.34, representing child support arrears and other pendente lite relief, unanimously modified, on the law and the facts, to the extent of reducing such award by the sum of $1,047.24, representing amounts improperly charged or not credited to defendant for the retroactive period, and remitting the matter to the IAS Court for a hearing on the proper credit, if any, to be given defendant's voluntary payments for the benefit of the parties' daughter during the retroactive period and for clarification of its requirement that defendant pay the mortgage, taxes and insurance on the marital residence in Westchester County in addition to child support and, in the event, it determines that such expenses have also been included in the child support award, such award should be reduced accordingly. As so modified, the judgment is otherwise affirmed, without costs.

Appeals from orders of the same court entered October 24, 1991 and February 7, 1992, which, *inter alia,* granted plaintiff $200 in weekly child support, temporary exclusive possession of the marital residence in Westchester and directed defendant to pay all mortgage, taxes and insurance on such residence and denied defendant's motion for renewal and reargument, dismissed as subsumed in the appeal from the judgment, without costs.

As noted by the court in its February 7, 1992 order denying reargument and renewal, the most effective method of resolving any claimed inequities regarding awards of pendente lite relief is a prompt and speedy trial where the facts may be examined in greater detail and a more accurate appraisal of the parties' situation may be obtained. We agree.

Nevertheless, although we have been informed that the parties have since been granted mutual divorces and that trial of the remaining issues of child support, custody and equitable distribution is imminent, the matter must be remitted to the IAS Court for clarification of its allocation of the child's housing costs since an award for child support necessarily includes such costs (Domestic Relations Law § 240 [1-b]; *Lenigan v Lenigan,* 159 AD2d 108, 112) and we are unable to determine what amount for the housing expenses of the parties' daughter was included in the court's award of child

support and whether there is a duplicative award for such expenses inasmuch as defendant was required to pay all mortgage, taxes and insurance on the residence where the child lives with her mother *(see, James v James,* 169 AD2d 441).

This allocation should also be made with respect to the court's retroactive award and, in the event the court determines that defendant had made voluntary payments constituting child support during the retroactive period, adjustments to such award should be made to take into consideration such voluntary payments *(see, Peltz v Peltz,* 56 AD2d 519). Defendant should also have been credited $414.91 for his documented payment of homeowners insurance premiums during the retroactive period and should not have been required to pay $482.23 for air conditioning repairs or $150 for blacktopping the driveway since these fall under the category of repairs for which plaintiff is responsible pursuant to the court's October 24, 1991 order.

We have considered defendant's other points regarding the amount of child support awarded, his earning capacity and the award of exclusive occupancy of the Westchester home to plaintiff and find them unpersuasive. Concur—Milonas, J. P., Ellerin, Kupferman and Kassal, JJ.