■ DERICK J. DANIELS, Respondent, v BARBARA K. DANIELS, Appellant. [663 NYS2d 141] —Judgment Supreme Court, New York County (Lewis Friedman, J.), entered May 3, 1994, which, *inter alia*, granted plaintiff a divorce on the ground of cruel and inhuman treatment, awarded defendant maintenance of $10,000 a month for 20 months retroactive to September 16, 1992, the date defendant made her first motion for pendente lite relief, for a total of $200,000, awarded plaintiff a credit against his maintenance obligation of $231,563 for voluntary support payments made to defendant and to third parties for defendant's benefit during the litigation, and directed plaintiff to pay a portion of defendant's attorneys' fees, unanimously affirmed, without costs.

The trial court's award of durational maintenance was a proper exercise of discretion in view of the short, 10-month duration of the marriage (Domestic Relations Law § 236 [B] [6] [a] [2]), and the fact that defendant, who retired from her career in real estate in about October 1990, which was approximately 2 months prior to the marriage, is employable (Domestic Relations Law § 236 [B] [6] [a] [3], [4]; *cf., Pejo v Pejo*, 213 AD2d 918, *lv denied* 85 NY2d 811; *Guttman v Guttman*, 159 AD2d 431, *lv denied* 76 NY2d 703). There is no support in the record for defendant's claims that she gave up her career at plaintiff's insistence, or that there was an oral prenuptial agreement, which would be unenforceable in any event (Domestic Relations Law § 236 [B] [3]; General Obligations Law § 5-701 [a] [3]). The record also supports the finding of voluntary support payments made by plaintiff to defendant after the date of defendant's first motion for support in 1992, for which plaintiff was properly given a credit (*see, Kaplan v Kaplan*, 192 AD2d 343, 344), as well as the denial of defendant's request for additional counsel fees (*see, De Bernardo v De Bernardo*, 180 AD2d 500, 502). Denial of defendant's motion to serve a 67-page amended answer made 16 months after joinder of issue was a proper exercise of discretion where there had already been considerable delay largely attributable to defendant and significant prejudice to plaintiff would have resulted (*see, Felix v Lettre*, 204 AD2d 679). We have considered defendant's other claims and find them to be without merit.

Motion for leave to appeal to the Court of Appeals denied; and insofar as it seeks reargument, the motion is granted to the extent of recalling and vacating the unpublished decision

and order of this Court (Appeal No. 60983) entered on June 5, 1997, and substituting therefor a new decision and order, decided simultaneously herewith. Concur—Sullivan, J. P., Ellerin, Tom, Mazzarelli and Andrias, JJ.