■ Gardner P. Dunnan, Appellant-Respondent, v Shirley M. Dunnan, Respondent-Appellant. [690 NYS2d 46] —Judgment, Supreme Court, New York County (Walter Tolub, J.), entered October 21, 1998, which, inter alia, dissolved the parties' marriage, equally divided the marital property and directed plaintiff to pay defendant permanent lifetime maintenance in the sum of $5,000 per month, and bringing up for review an order, same court and Justice, entered on or about August 27, 1998, which modified provisions of the decision upon which the ensuing judgment was based, unanimously modified, on the facts and in the exercise of discretion, to the extent of awarding defendant $75,000 in counsel fees, to be recovered from plaintiff, and otherwise affirmed, with costs payable by plaintiff to defendant. Appeal from the order, entered August 27, 1998, unanimously dismissed, without costs, as subsumed within the appeal from the judgment.

The trial court properly found plaintiff husband's severance package to be marital property. The New York Domestic Relations Law defines marital property as "all property acquired by either or both spouses during the marriage and before the execution of a separation agreement or the commencement of a matrimonial action" (Domestic Relations Law § 236 [B] [1] [c]; *see also, DeJesus v DeJesus*, 90 NY2d 643, 647; *Hartog v Hartog*, 85 NY2d 36, 49; *Olivo v Olivo*, 82 NY2d 202, 207), and, as this Court held in *Hartog v Hartog* (194 AD2d 286, 293, *mod on other grounds* 85 NY2d 36), "[s]everance and vested pension payments are a form of deferred compensation which are generally considered to be marital assets" (*see also, DeJesus v DeJesus*, 90 NY2d, *supra*, at 647-648; *Burns v Burns*, 84 NY2d 369, 376; *Richmond v Richmond*, 144 AD2d 549, 551; *Nielsen v Nielsen*, 256 AD2d 1173).

Although plaintiff contends that he should not be required to pay maintenance in the event his severance pay is held to be a marital asset, the trial court, in determining maintenance, appropriately considered the payee spouse's reasonable needs and predivorce standard of living in the context of the other enumerated statutory factors, and then, in the sound exercise of its discretion, established a fair and equitable maintenance award in the amount of $5,000 per month (*see, Hartog v Hartog*, 85 NY2d, *supra*, at 52; *Summer v Summer*, 85 NY2d 1014, 1016). While it is true that defendant was accorded half of the marital property and also collects disability and retirement benefits, she is, unlike plaintiff, completely without the capacity to earn any additional income, and requires the $5,000 per month in maintenance to be able to approach the predivorce standard of living.

Although the award of reasonable counsel fees is generally a matter within the sound discretion of the trial court (*see, DeCabrera v Cabrera-Rosete*, 70 NY2d 879), upon our evaluation of the equities of this case, the relative merits of the parties' positions and the parties' respective financial positions (*see, O'Brien v O'Brien*, 66 NY2d 576, 590; Domestic Relations Law § 237 [a]), we conclude that defendant, who is unable to work, should not have been required to deplete her assets to the extent necessary to pay all of her attorneys' fees. Accordingly, plaintiff should be directed to contribute $75,000 toward payment of defendant's more than $100,000 in attorneys' fees.

We have considered the parties' remaining arguments for affirmative relief and find them unpersuasive. Concur—Ellerin, P. J., Tom, Lerner, Buckley and Friedman, JJ.