■ CLARISSA KIRSCHENBAUM, Appellant, v WILLIAM KIRSCHENBAUM, Respondent. [693 NYS2d 149] —Judgment, Supreme Court, New York County (Joan Lobis, J.), entered May 18, 1996, as amended, which, to the extent appealed from, distributed the marital property equally between the parties and awarded plaintiff wife maintenance of $4,000 per month for a period of 10 years, unanimously modified, on the law, the facts and in the exercise of discretion, plaintiff awarded permanent maintenance of $4,000 per month for 10 years, and $2,000 per month for the remainder of her life, and otherwise affirmed, without costs.

Plaintiff wife's claim that she should have been awarded a share of the marital estate greater than the 50% share awarded her by the trial court because defendant husband's assets were

actually greater that his disclosure indicated, and her related claim that additional income should have been imputed to defendant, were not proven. There was no evidence to support plaintiff's claim that defendant placed marital property beyond the reach of the court, nor was there evidence that the parties enjoyed so lavish a lifestyle as to warrant the inference that defendant's actual income and monetary resources were substantially higher than had been reported on his tax returns (cf., Wildenstein v Wildenstein, 251 AD2d 189; Maharam v Maharam, 245 AD2d 94).

However, we modify to the extent of awarding plaintiff permanent maintenance. In determining the duration and amount of maintenance, a court "must consider the payee spouse's reasonable needs and predivorce standard of living in the context of the other enumerated statutory factors, and then, in their discretion, fashion a fair and equitable maintenance award accordingly (see, Domestic Relations Law § 236 [B] [6] [a] [1]-[11])" (Hartog v Hartog, 85 NY2d 36, 52). The fact that a payee spouse has the ability to become self-supporting "with respect to some standard of living" (supra, at 52 [emphasis in original]), does not preclude an award of lifetime maintenance nor obviate the court's responsibility to consider the parties' predivorce standard of living (supra; see also, Summer v Summer, 85 NY2d 1014, 1016).

Here, the IAS Court weighed the appropriate factors and recognized that an award of maintenance was necessary because the plaintiff "would not be able to achieve a lifestyle equal to that enjoyed during the marriage." However, it was an improvident exercise of discretion to limit maintenance to 10 years on the basis that plaintiff could obtain employment as a teacher in the public or private sector. Lifetime maintenance is appropriate where, as here, the payee spouse is incapable of becoming self-supporting "at a level roughly commensurate with the marital standard of living" (Summer v Summer, supra, at 1016; Dunnan v Dunnan, 261 AD2d 195; Sergeon v Sergeon, 228 AD2d 354, 355).

Plaintiff wife was 48 years old when the 18-year marriage was dissolved, and had not worked in almost two decades. Prior to the marriage, she worked as a teacher before becoming pregnant with the parties' first child. She ceased working with defendant's approval and encouragement. Plaintiff was exclusively a housewife and caretaker for the parties' two children, now ages 18 and 9, until this action, precipitated by defendant's adulterous affair, was commenced. Since that time, plaintiff has obtained part-time employment.

In these circumstances, the court should not have limited maintenance to 10 years. Plaintiff completely subordinated her teaching career to raise the parties' children and care for their home (*see, Liadis v Liadis*, 207 AD2d 331), while defendant was free to pursue several lucrative business opportunities. Although defendant claims his income has recently dropped substantially, the IAS Court found that he was still capable of earning substantial income based on his prior experience as an executive. On the other hand, plaintiff's employability is far from clear and her potential salary as a teacher would never come close to approaching the level of family income to which she was accustomed during the marriage. It should be emphasized that the IAS Court would have plaintiff's maintenance terminate when she was approximately 60 years old, when her employment prospects would certainly be dimmer.

In light of the duration of the parties' marriage, plaintiff's age, her subordination of her career and long absence from the workforce, the level of predivorce standard of income and plaintiff's capability of earning only a modest income, the court should have awarded permanent maintenance (*see, Sergeon v Sergeon, supra*; *Dunnan v Dunnan, supra*; *Michelle S. v Charles S.*, 257 AD2d 405; *Recuppio v Recuppio*, 246 AD2d 342, 343; *Kaprelian v Kaprelian*, 236 AD2d 369). However, taking into account both plaintiff's future needs and defendant's future ability to pay, the maintenance should be reduced to $2,000 per month after 10 years. Concur—Nardelli, J. P., Tom, Mazzarelli and Lerner, JJ.