■ SARA D. ALLEN, Appellant, v MARSHALL B. ALLEN, Respondent. [712 NYS2d 496] —Judgment, Supreme Court, New York County (Walter Tolub, J.), entered on or about February 26, 1999, which dissolved the marriage and, to the extent appealed from, denied plaintiff wife maintenance, unanimously modified, on the law and the facts, to award plaintiff maintenance of $5,000 per month for five years and $3,500 per month for the remainder of her life, and otherwise affirmed, without costs.

The parties were married on January 4, 1994. They had known each other for 35 years and had a grown son together. Plaintiff was 55 years of age and an employee of Consumers Union, where she had risen to the position of executive editor of Consumer Reports Books, with a salary of $83,589 in 1993. She owns no property. Defendant was and is the passive beneficiary of income from various family trusts valued at between $20 million and $25 million. His income in 1997 was reported at $703,368. The couple resided in defendant's Manhattan townhouse, which was valued at $1,850,000. Two days after the wedding, plaintiff resigned from her job, and the couple celebrated their honeymoon in Mexico. Thereafter they traveled extensively, living away from home for periods ranging from three weeks to five months. In addition to financing this lifestyle, defendant gave plaintiff an allowance of $5,000 a month. In fact, he had begun giving her an allowance six months before they were married, because, in his words, "she asked for it, she needed it, she had debts." In May 1996, plaintiff began divorce proceedings, and in February 1999 the marriage was dissolved

on the grounds of defendant's cruel and inhuman treatment of her.

The court held that plaintiff was not entitled to maintenance on the grounds that she refused to entertain any job that would pay less than she was earning when she left Consumers Union and that maintenance should not be awarded "simply because the parties led a luxurious lifestyle during the marriage." The court's decision, based on its acceptance of the Referee's findings, was erroneous.

Domestic Relations Law § 236 (B) (6) (a) requires a court determining an award of maintenance to consider the standard of living of the parties established during the marriage, whether the payee spouse lacks sufficient property and income to provide for his or her reasonable needs, and whether the payor spouse has sufficient property or income to provide for the payee spouse's reasonable needs. The ability of the payee spouse to become self-supporting "with respect to *some* standard of living" neither obviates this requirement nor precludes an award of lifetime maintenance (*Hartog v Hartog*, 85 NY2d 36, 52 [emphasis in original]). The trial court "must consider the payee spouse's reasonable needs and predivorce standard of living in the context of the other enumerated statutory factors, and then, in [its] discretion, fashion a fair and equitable maintenance award accordingly (*see*, Domestic Relations Law § 236 [B] [6] [a] [1]-[11])" (*id.*).

Plaintiff testified that, after the parties' separation, she sent "probably 50 resumes" to her former colleagues in publishing, answered blind ads in The New York Times and Publishers Weekly and on the Internet, and consulted a headhunter, but that "there really is nothing." Two employment experts testified that plaintiff would have difficulty finding employment comparable to the job she had left and would have to start at a lower level "with the hope," as defendant's expert phrased it, "of working her way up again." The Referee found that, if she so desired, plaintiff could obtain employment at a salary of $60,000. In accepting this figure, which was the high end of the potential re-entry salary ranges quoted by the experts, the court ignored the realities of job hunting at the age of 59, when employment prospects have grown "dimmer" (*Kirschenbaum v Kirschenbaum*, 264 AD2d 344, 346). Thus, it overstated plaintiff's ability to provide for her reasonable needs.

In the same vein, the court placed too much weight on the short duration of the marriage. This Court recently upheld a trial court's increase of maintenance recommended by a Referee "despite the relatively short duration of the marriage and

[the wife's] good health, in light of the marked disparity between the parties' income and earning capacity" (*Plotnick v Plotnick*, 266 AD2d 108).

The Referee discredited plaintiff's testimony that defendant encouraged her to leave her job because they had no need of the money she earned and because her long work week interfered with their time together and their travel plans. He apparently accepted defendant's testimony that the parties never discussed plaintiff's quitting her job and she never told defendant she intended to do so. The Referee accorded this finding significant weight, citing *Daniels v Daniels* (243 AD2d 254), in which the absence of support in the record for the wife's assertion that she gave up her career in real estate at her husband's insistence was detrimental to her claims on appeal. However, the issue this Court decided in *Daniels* was not whether the wife should have been awarded maintenance, but whether the maintenance she was awarded should have been of longer duration. We declined to increase the duration on the additional ground that the wife was employable. *Daniels* provides no authority for denying maintenance altogether to a wife who is not so clearly employable while her husband is independently wealthy.

In light of the parties' standard of living during their marriage, defendant's considerable wealth, and plaintiff's age, lack of property and limited earning capacity, a fair and equitable award of maintenance would sustain the income of $5,000 per month that defendant provided plaintiff in addition to underwriting their lavish lifestyle (*see, Hartog v Hartog, supra; see also, Summer v Summer*, 85 NY2d 1014). The record indicates that, had she continued working at Consumers Union until the age of 65, plaintiff would have received a pension of $3,500 per month, but, under the circumstances, she will receive only $1,500 per month when she reaches 65. We therefore modify the judgment with respect to maintenance and direct that plaintiff be awarded $5,000 per month for five years and $3,500 per month for the remainder of her life. Concur—Sullivan, P. J., Nardelli, Ellerin, Wallach and Andrias, JJ.