■ LINDA SOLOMON, Respondent, v STEVEN SOLOMON, Appellant. [714 NYS2d 304] —In an action for a divorce and ancil-

lary relief, the defendant husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Nassau County (Parga, J.), entered September 14, 1999, which, after a nonjury trial, *inter alia,* awarded maintenance and distributed the assets of the marriage.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Contrary to the defendant's contention, the court providently exercised its discretion in granting the application to quash a nonparty witness subpoena. The defendant failed to demonstrate either the materiality of the witness's proposed testimony or its relevance (*see, Suarez v Abad,* 268 AD2d 519; *Herbert v Edwards Super Food Stores-Finast Supermarkets,* 253 AD2d 789; *Moretta v Davenport Express,* 243 AD2d 547).

The court properly distributed the assets of the marriage. In a nonjury trial, evaluating the credibility of witnesses as well as determining which of the proffered items of evidence are most credible, are matters committed to the court's discretion (*see, L'Esperance v L'Esperance,* 243 AD2d 446, 447; *Dempster v Dempster,* 236 AD2d 582).

The record is replete with evidence of the defendant's economic misconduct in secreting assets from the plaintiff and others. The law is well settled that a party may be penalized in the distribution of assets from a marital estate where that party's egregious conduct has prevented the court from making an equitable determination (*see, Maharam v Maharam,* 245 AD2d 94; *Goldberg v Goldberg,* 172 AD2d 316). Accordingly, the court's distribution of assets was supported by the record.

Similarly, the court clearly weighed the appropriate factors in awarding the plaintiff lifetime maintenance. The plaintiff, although in possession of a teaching degree, did not work throughout the parties' 30-year marriage in order to care for the parties' children. In light of the fact that even if the plaintiff returned to the teaching profession, she would not be able to achieve the lifestyle that she enjoyed while she was married to the defendant, lifetime maintenance was appropriate (*see, Kirschenbaum v Kirschenbaum,* 264 AD2d 344, 345). Here, the "[p]laintiff completely subordinated her teaching career to raise the parties' children and care for their home * * * while defendant was free to pursue several lucrative business opportunities" (*Kirschenbaum v Kirschenbaum, supra,* at 346). The court properly found that, as a result of his prior experience in the jewelry business, the defendant was capable of earning a superior income.

Lastly, the court properly awarded the plaintiff an attorney's

fee. The award of an attorney's fee is controlled by the circumstances of each individual case, and the court must consider the merits of the parties' respective contentions and the parties' respective financial conditions (*see, Merzon v Merzon,* 210 AD2d 462, 464; *Cotton v Cotton,* 147 AD2d 436). In light of the overwhelming evidence that the defendant concealed assets, as well as the respective financial positions of the parties, the court properly awarded an attorney's fee to the plaintiff (*see, Merzon v Merzon, supra,* at 464). Bracken, J. P., McGinity, Luciano and Feuerstein, JJ., concur.