(June 3, 2004)

■ LISETTE F. MALLARY, Respondent, v RAYMOND D. MALLARY III, Appellant. [778 NYS2d 474]—

Order, Supreme Court, New York County (John E.H. Stackhouse, J.), entered January 14, 2004, which, to the extent appealed from, directed defendant to pay temporary maintenance of $3,700 per month; temporary child support of $3,100 per month, plus add-ons of $1,200 per month; interim counsel fees of $50,000, to be withdrawn from the parties' joint Fidelity Investments account; all utilities in the marital residence; and all unreimbursed nonelective pharmaceutical, medical and dental expenses incurred by plaintiff and the parties' children; further directed plaintiff to maintain in effect all presently existing policies of life, medical and dental insurance covering plaintiff and the parties' children; and denied defendant's cross motion for permission to withdraw $50,000 from the parties' Fidelity Investments account to pay his own counsel fees, unanimously modified, on the law and the facts, to reduce the award of temporary maintenance to $1,000 per month and the award of child support to $2,000 per month on condition that defendant continue paying the carrying charges on the marital residence of $2,434 per month; to remand for a clarification of the extent to which the carrying charges on the marital residence were included in the motion court's child support award, and for any necessary corresponding reduction of this Court's award of child support; and to permit defendant to withdraw an

additional $50,000 from the parties' Fidelity Investments account to pay his own counsel fees, with both $50,000 withdrawals to be treated as advances against equitable distribution, and otherwise affirmed, without costs.

We note that the decretal paragraphs of the order on appeal, unlike the decisional portion, contain no directions that defendant pay the carrying charges on the marital residence and the children's private school tuition, and we construe the order to contain no such directions. So construed, the award is excessive to the extent indicated (*see Santulli v Santulli*, 228 AD2d 247, 248 [1996]; *Stanton v Stanton*, 211 AD2d 781 [1995]). Although plaintiff's application sought to impute income to defendant in an amount comparable to the income he had earned prior to the termination of his employment, the motion court's decision does not address the issue, and, upon review, any such imputation would have been improper. For present purposes, we find that defendant has net income of $11,000 per month consisting mostly of severance payments soon to expire and no significant liquid assets that are not marital in nature, and that plaintiff has net income of $2,500 per month. In addition, as we are unable to determine the extent to which the carrying charges on the marital residence were allocated to the parties' children and included in the motion court's award of child support, we remand for a clarification of any such allocation, and for a reduction of this Court's child support award as might be required to avoid a double award of the children's housing expenses (*see Kaplan v Kaplan*, 192 AD2d 343, 343-344 [1993]). Furthermore, since it appears that defendant is no more able to pay counsel fees than plaintiff, and since the parties' only source of funds readily available for payment of counsel fees was made available to plaintiff to the extent of $50,000, we modify to permit defendant to withdraw $50,000 from the same source to pay his own counsel fees (*see Charpié v Charpié*, 271 AD2d 169, 172 [2000]). Concur—Nardelli, J.P., Saxe, Williams, Friedman and Sweeny, JJ.