■ ROBERT C. CONWAY, Respondent, v S. CATHERINE CONWAY, Appellant. [815 NYS2d 233]—

In an action for a divorce and ancillary relief, the defendant appeals from so much of a judgment of the Supreme Court, Suffolk County (Baisley, Jr., J.), entered July 7, 2003, as, after a nonjury trial, awarded her only one half of the sum of $71,273 representing her share of the plaintiff's business, directed her to pay one half of the parties' tax obligation, and directed her to pay 75% of the plaintiff's attorney and expert fees.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The Supreme Court correctly determined that the defendant is liable for one half of the parties' tax obligation arising out of the failure to pay proper income taxes during their marriage. Since the defendant shared equally in the benefits derived from the failure to pay, she must share in the financial liability aris-

ing out of tax liability (*see Capasso v Capasso*, 129 AD2d 267 [1987]).

Contrary to the defendant's contention on appeal, the award of attorney and expert fees was proper. The court's direction that the defendant pay 75% of the plaintiff's attorney fees and expert fees was a provident exercise of its discretion (*see* Domestic Relations Law § 237 [a]; *DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]; *D'Amato v D'Amato*, 198 AD2d 255 [1993]).

The defendant's remaining contentions are without merit. Schmidt, J.P., Krausman, Mastro and Covello, JJ., concur.