■ MARISELA PEÑA, Appellant, v VICTOR ALVES, Respondent. [855 NYS2d 444]—

Judgment, Supreme Court, New York County (Saralee Evans, J.), entered February 7, 2007, inter alia, distributing the parties' marital property and awarding plaintiff child support commencing September 1, 2006, unanimously affirmed, without costs.

The trial court correctly found the severance pay plaintiff received after commencement of the action to be a form of deferred compensation earned during the marriage, not, as plaintiff argues, compensation for future lost earnings, and thus a distributable marital asset (see Dunnan v Dunnan, 261 AD2d 195, 196 [1999], lv denied 93 NY2d 816 [1999]). The court also properly rejected plaintiff's claim that the severance pay should, in effect, be exempt from distribution since she had already invested it in an educational trust for the parties' three children. Marital property cannot be shielded from equitable distribution in this way. The record does not show that plaintiff sought child support retroactive to the date she lost her job at the end of 2004, and we note that the court did take plaintiff's financial difficulties during her period of unemployment into account by subtracting her living and relocation expenses incurred during this period from the total of marital property. To the extent plaintiff seeks to offset her initial equitable distribution installment payment against the amount of defendant's alleged arrears of child support, such relief should be sought, in the first instance, from the trial court. We have considered plaintiff's other arguments, including that the award of 30% of the marital property to defendant was inequitable, and find them unavailing. Defendant's purported cross appeal is not properly before this Court. Were we to consider his claim for maintenance, we would reject it. Concur—Lippman, P.J., Friedman, Catterson and Moskowitz, JJ.