■ DIANE M. FINCH-KAISER, Respondent, v ROBERT KAISER, Appellant. [962 NYS2d 344]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Suffolk County (McNulty, J.), entered December 22, 2010, which, upon a decision of the same court (Blydenburgh, J.), dated September 23, 2010, made after a

nonjury trial, inter alia, (a) awarded the plaintiff one half of the value of Pro K Builders, Inc., based on a commencement date valuation rather than a trial date valuation, (b) directed the defendant to evenly divide a certain Shearson Lehman bond account in the minimum amount of $380,000 and deliver 50% of the proceeds to the plaintiff, (c) awarded the plaintiff the sum of $104,500 as her share of certain sums paid to Lanier & Fountain, Attorneys at Law, which were used to purchase real property in North Carolina, (d) directed the defendant to sell certain real properties in Sound Beach and Port Jefferson, and evenly divide the proceeds with the plaintiff, (e) directed the defendant to pay the plaintiff and the parties' two children $70,000 each, representing sums intended as gifts by the defendant's father, but used by the defendant to pay life insurance premiums, (f) awarded the plaintiff the marital residence, (g) awarded the plaintiff counsel fees in the sum of $16,225.50, and (h) awarded the plaintiff maintenance in the sum of $10,000 per month to continue until her death or remarriage.

Ordered that the judgment is modified, on the facts, by deleting the provision thereof directing the defendant to divide equally a certain Shearson Lehman bond account in the minimum amount of $380,000 and deliver 50% of the proceeds to the plaintiff; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The defendant's contention that the Supreme Court improperly "pre-judged" the case by the third day of the 22-day trial is unsupported by the record.

The Supreme Court providently exercised its discretion in valuing Pro K Builders, Inc., the defendant's real estate development company, as of the date of commencement of the action (*see Rich-Wolfe v Wolfe*, 83 AD3d 1359 [2011]; *cf. Morton v Morton*, 69 AD3d 693 [2010]). The court further providently exercised its discretion in awarding sole possession of the marital residence to the plaintiff. The record also supports the court's conclusion that the real properties in Sound Beach and Port Jefferson should be sold and the proceeds divided equally between the parties. The defendant contends that the court did not account for outstanding loans on those properties and that it failed to provide for a credit to him with respect to the cost of maintaining such properties. However, the defendant did not demonstrate that there were loans associated with those properties, nor did he offer any evidence regarding any of the costs which he allegedly incurred to maintain those properties (*see Blaise v Blaise*, 241 AD2d 680, 682 [1997]).

Contrary to the defendant's contention, the record supports

the Supreme Court's directive that he pay the plaintiff and the parties' two children $70,000 each. Those amounts represent a return of money given over a period of years by the defendant's father, and intended as gifts to the plaintiff and the children, but which was instead used by the defendant to pay life insurance premiums.

The Supreme Court also properly awarded the plaintiff the sum of $104,500, or 50% of a one-time payment of $209,000 made by the defendant's company, Belle Terre Terraces, Inc., to an attorney trust fund in North Carolina for the purchase of certain real property. These funds represented marital assets, and the defendant failed to prove his allegation that the money was for the repayment of a loan.

The amount and duration of maintenance is a matter committed to the sound discretion of the Supreme Court, and every case must be determined on its own unique facts (see *Rabinovich v Shevchenko*, 93 AD3d 774, 775 [2012]; *Siskind v Siskind*, 89 AD3d 832, 833 [2011]). In determining the amount and duration of an award of maintenance, the Supreme Court "must consider the factors enumerated in Domestic Relations Law § 236 (B) (6) (a), which include the predivorce standard of living of the parties, the income and property of the parties, the equitable distribution of marital property, the duration of the marriage, the present and future earning capacity of the parties, the ability of the party seeking maintenance to be self-supporting, and the reduced or lost earning capacity of the party seeking maintenance" (*Giokas v Giokas*, 73 AD3d 688, 689 [2010]). Here, the Supreme Court providently exercised its discretion in awarding the plaintiff the sum of $10,000 per month in maintenance to continue until her death or remarriage. The court also providently exercised its discretion in awarding the plaintiff counsel fees in the sum of $16,225.50.

However, the Supreme Court should not have directed that 50% of a Shearson Lehman bond account be distributed to the plaintiff. The testimony established that prior to the commencement of this action, the funds in that bond account were transferred into the defendant's Axiom account, which the Supreme Court distributed equally between the parties.

The defendant's remaining contentions are without merit. Skelos, J.P., Leventhal, Austin and Sgroi, JJ., concur.