In an action for a divorce and ancillary relief, the plaintiff appeals (1) from an order of the Supreme Court, Suffolk County (Blydenburgh, J.), entered November 17, 2009, which, after a nonjury trial, granted the defendant’s application for a distributive award based on the appreciation in value of the marital residence, and denied the plaintiffs applications for maintenance and an award of an attorney’s fee, and (2), as limited by her brief, from stated portions of a judgment of the same court (Mc-Nulty, J.) entered November 7, 2011, which, upon the order, inter alia, directed her to pay the defendant the sum of $102,500 as a distributive award based on the appreciation in value of the marital residence, and denied the plaintiff’s applications for maintenance and an award of an attorney’s fee.
Ordered that the appeal from the order is dismissed; and it is further,
Ordered that the judgment is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof directing the plaintiff to pay the defendant the sum of $102,500 as a distributive award based on the appreciation in value of the marital residence, and substituting therefor a provision directing the plaintiff to pay the defendant the sum of $60,000 as a distributive award based on the appreciation in value of the marital residence, and (2) by adding a provision thereto awarding the plaintiff an attorney’s fee in the sum of $15,818; as so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiff, the order is modified accordingly, and the matter is remitted to the Supreme Court, Suffolk County, for a determination of the issue of the equitable distribution of the marital portions of the defendant’s retirement and investment accounts, and the entry of an appropriate amended judgment thereafter.
The appeal from the intermediate order must be dismissed, since no appeal lies as of right from an order which does not decide a motion made on notice (see CPLR 5701 [a] [2]), and we decline to grant leave to appeal in view of the fact that a judgment has been entered (see generally Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the inter *693 mediate order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).
Contrary to the plaintiff’s contention, the Supreme Court providently exercised its discretion in denying her request for maintenance (see Gainey v Gainey, 303 AD2d 628, 630-631 [2003]; Prasinos v Prasinos, 283 AD2d 913, 914 [2001]; Goddard v Goddard, 256 AD2d 545, 546 [1998]). The plaintiff was employed and self-supporting before the marriage and continued to work during and after the marriage. Moreover, the marriage was of short duration, and the parties generally kept their finances separate.
The Supreme Court improvidently exercised its discretion in denying the plaintiffs application for an award of an attorney’s fee. An award of an attorney’s fee pursuant to Domestic Relations Law § 237 (a), a matter within the sound discretion of the trial court, is controlled by the equities and circumstances of each particular case (see Chaudry v Chaudry, 95 AD3d 1058, 1059 [2012]; Aloi v Simoni, 82 AD3d 683, 686-687 [2011]; Solomon v Solomon, 276 AD2d 547, 549 [2000]). Here, in light of, inter alia, the disparity in the parties’ incomes, an award of an attorney’s fee in the sum of $15,818, one quarter of the attorney’s fee incurred by the plaintiff, is appropriate.
While the marital residence was the plaintiffs separate property, the Supreme Court directed the plaintiff to pay the defendant the sum of $102,500 as a distributive award based on the appreciation in value of the marital residence that was attributable to the efforts of both parties in physically improving the property during the marriage (see Domestic Relations Law § 236 [B] [1] [d] [3]; Scher v Scher, 91 AD3d 842, 845 [2012]). Although the defendant’s counsel noted at trial that the defendant’s distributive award based on the appreciation of the marital residence should be reduced by the defendant’s equitable share of the marital debt incurred in financing the improvements to the residence, the Supreme Court improperly failed to do so (see Epstein v Messner, 73 AD3d 843, 845 [2010]; Bogdan v Bogdan, 260 AD2d 521 [1999]; Feldman v Feldman, 204 AD2d 268, 270 [1994]). Accordingly, we modify the judgment by deleting the provision thereof directing the plaintiff to pay the defendant the sum of $102,500 as a distributive award based on the appreciation in value of the marital residence, and substituting therefor a provision directing the plaintiff to pay the defendant the sum of $60,000 as a distributive award based on the appreciation in value of the marital residence.
At trial, the plaintiff sought equitable distribution of the mar *694 ital portions of the defendant’s retirement and investment accounts. The Supreme Court failed to make a determination in this regard, erroneously stating that the only issues at trial were the plaintiffs requests for maintenance and an award of an attorney’s fee and the defendant’s request for equitable distribution of the appreciation in value of the marital residence. Accordingly, we remit the matter to the Supreme Court for a determination of the issue of the equitable distribution of the marital portions of the defendant’s retirement and investment accounts (see McDicken v McDicken, 109 AD2d 734, 735 [1985]). Skelos, J.P., Hall, Lott and Hinds-Radix, JJ, concur.