■ SUSAN DOSCHER, Respondent, v JUDE DREW DOSCHER, Appellant. [27 NYS3d 231]—

Appeal from stated portions of a judgment of divorce of the Supreme Court, Nassau County (Norman Janowitz, J.), entered March 4, 2014. The judgment, after a nonjury trial and upon a decision of that court dated August 20, 2013, inter alia, (1) awarded the plaintiff monthly child support in the sum of $8,500, retroactive to July 23, 2008, (2) awarded the plaintiff 50% of the marital assets, (3) failed to apply the tax impacted rate of 40% to the marital portion of certain assets identified in a judicial hearing officer's report dated March 31, 2011, under the Executive Capital Accumulation Plan for the years 2001 and 2002, (4) awarded the plaintiff monthly maintenance in the sum of $12,000 for a period of five years, (5) awarded the plaintiff prejudgment interest on certain awards, and (6) failed to award the defendant certain credits.

Ordered that the judgment is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof awarding the plaintiff monthly child support in the sum of $8,500, and substituting therefor a provision awarding the plaintiff monthly child support in the sum of $5,100, (2) by deleting the provision thereof awarding the plaintiff 50% of the marital assets, and substituting therefor a provision awarding the plaintiff 30% of the marital assets, and (3) by adding a provision thereto applying the tax impacted rate of 40% to the marital portion of assets identified in the judicial hearing officer's report dated March 31, 2011, under the Executive Capital

Accumulation Plan for the years 2001 and 2002; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an amended judgment in accordance herewith.

The parties were married on June 6, 1998, and had one child, born in November 2000. During the course of the parties' marriage, they lived a luxurious lifestyle, almost exclusively funded with the defendant's earnings as a successful Wall Street bond trader. Upon the parties' agreement, the plaintiff, who had only a high school diploma, quit her job at a textile company shortly after becoming pregnant with the parties' child so that she could care for the child. On May 16, 2003, the plaintiff. commenced this action for a divorce and ancillary relief. Following a trial in 2008, a mistrial was ordered due to the death of the justice presiding over the matter at the time, who had not yet rendered a final determination. A new trial was held before a newly assigned justice who, inter alia, adopted the valuation of certain assets of the defendant contained in a judicial hearing officer's report dated March 31, 2011, distributed the marital property equally, and awarded the plaintiff maintenance, child support, counsel and expert fees, and prejudgment 9% statutory interest on her distributive award. The defendant appeals.

At the outset, the defendant's claim of judicial bias is unavailing, since he both failed to interpose an objection until after the Supreme Court issued its decision following the retrial of this matter and, in the absence of a mandatory statutory basis for disqualification, he failed to demonstrate bias affecting the result (*see Glatzer v Bear, Stearns & Co., Inc.*, 95 AD3d 707, 707-708 [2012]; *Ashmore v Ashmore*, 92 AD3d 817 [2012]; *Vogelgesang v Vogelgesang*, 71 AD3d 1131 [2010]; *Burgaleta v Burgaleta*, 51 AD3d 842 [2008]; *Shen v Shen*, 21 AD3d 1078 [2005]; *K. v B.*, 13 AD3d 12 [2004]).

The amount and duration of maintenance is a matter committed to the sound discretion of the Supreme Court, and every case must be determined on its own unique facts (*see Finch-Kaiser v Kaiser*, 104 AD3d 906, 908 [2013]; *Levitt v Levitt*, 97 AD3d 543, 544 [2012]). In determining the amount and duration of an award of maintenance, the Supreme Court "must consider the factors enumerated in Domestic Relations Law § 236 (B) (6) (a), which include the predivorce standard of living of the parties, the income and property of the parties, the equitable distribution of marital property, the duration of the marriage, the present and future earning capacity of the par-

ties, the ability of the party seeking maintenance to be self-supporting, and the reduced or lost earning capacity of the party seeking maintenance" (*Finch-Kaiser v Kaiser*, 104 AD3d at 908 [internal quotation marks omitted]). Here, the Supreme Court providently exercised its discretion in awarding the plaintiff monthly nontaxable maintenance in the sum of $12,000 for a period of five years, retroactive to the date of the first application for maintenance (*see Quinn v Quinn*, 61 AD3d 1067 [2009]; *Comstock v Comstock*, 1 AD3d 307 [2003]; *Allen v Allen*, 275 AD2d 225 [2000]).

In high income cases such as this one, the appropriate determination under Domestic Relations Law § 240 (1-b) for an award of child support where parental income exceeds the statutory income threshold of $136,000 should be based on the child's actual needs and the amount that is required for the child to live an appropriate lifestyle, rather than the wealth of one or both parties (*see Levesque v Levesque*, 73 AD3d 990 [2010]; *see also Matter of Williams v Rodriguez*, 66 AD3d 914 [2009]; *Matter of Jackson v Tompkins*, 65 AD3d 1148 [2009]; *Matter of Brim v Combs*, 25 AD3d 691, 693 [2006]). Here, although the Supreme Court enumerated the factors it considered in determining the child support award, those factors, on this record, do not support basing child support on $600,000 of the defendant's annual income, which is $464,000 more than the $136,000 statutory cap. Specifically, there was insufficient evidence in the record supporting the plaintiff's claims regarding expenses for the child's clothing, recreation, and miscellaneous items. Therefore, in considering the relevant factors enumerated in Domestic Relations Law § 240 (1-b) (f), and the child's actual needs and the amount that is required for the child to live an appropriate lifestyle, the defendant's child support obligation should have been based on $360,000 in annual income. Accordingly, after applying the 17% statutory percentage for one child (*see* Domestic Relations Law § 240 [1-b] [b] [3] [i]), the plaintiff should have been awarded the sum of $5,100, rather the sum of $8,500, in monthly child support.

In determining the equitable distribution of marital property, the court must consider the factors set forth in Domestic Relations Law § 236 (B) (5) (d) (*see Holterman v Holterman*, 3 NY3d 1 [2004]; Domestic Relations Law § 236 [B] [5] [d]). When applying those factors to this case, the Supreme Court improvidently exercised its discretion in directing an equal division of the marital assets between the defendant and the plaintiff. Considering the relevant factors, including the relatively short

five-year duration of the marriage, the income and property of the parties at the time of the marriage, the award of exclusive occupancy of the marital residence to the plaintiff, and the maintenance award to the plaintiff, an equal division of the marital assets was not warranted. Accordingly, the marital assets should have been divided so as to award 30% to the plaintiff and 70% to the defendant. While the record supports the court's finding that the plaintiff was entitled to prejudgment interest based on the fact that she was deprived of the use of her share of the marital property during the pendency of the action (*see McCully v McCully*, 306 AD2d 329, 330 [2003]), we agree with the defendant's contention that the court should have applied the "tax impacting rate" of 40% to the marital portion of certain assets identified in the judicial hearing officer's report dated March 31, 2011, under the Executive Capital Accumulation Plan for the years 2001 and 2002, as stipulated to by the parties at the hearing. Therefore, we modify the plaintiff's distributive award accordingly.

The Supreme Court providently exercised its discretion in awarding attorney fees and expert fees to the plaintiff given, inter alia, the defendant's vastly superior financial position and certain improper litigation tactics taken by him (*see* Domestic Relations Law § 237 [a]; *Guzzo v Guzzo*, 110 AD3d 765 [2013]; *Johnson v Chapin*, 49 AD3d 348 [2008], *affd* 12 NY3d 461 [2009]; *Solomon v Solomon*, 276 AD2d 547 [2000]; *Morrissey v Morrissey*, 259 AD2d 472 [1999]; *Nee v Nee*, 240 AD2d 478 [1997]).

The defendant's remaining contentions either have been rendered academic, are unpreserved for appellate review, or are without merit. Dillon, J.P., Miller, Duffy and LaSalle, JJ., concur.