■ DEBORAH A. MENKENS, Respondent, v LAWRENCE E. MEN-KENS, Appellant. [30 NYS3d 562]—

Appeal from stated portions of a judgment of the Supreme Court, Orange County (Marx, J.), dated February 18, 2014. The judgment, upon a decision of that court dated January 3, 2014, made after a nonjury trial, inter alia, distributed the marital property and directed the defendant to pay the plaintiff the sum of $12,000 in attorney's fees.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action for a divorce and ancil-

lary relief against the defendant. After a nonjury trial, the Supreme Court entered a judgment of divorce. The defendant appeals from portions of the judgment.

In fashioning an award of equitable distribution, "[w]here it is evident that the Supreme Court considered all relevant factors and the reasons for its decision are articulated, the court is not required to specifically cite to and analyze each statutory factor" (*Milnes v Milnes*, 50 AD3d 750, 750 [2008]). Here, the Supreme Court expressly set forth all of the factors it considered in its distribution of the marital property. Contrary to the defendant's contentions, under the circumstances of this case, the distribution of marital property was not an improvident exercise of the court's discretion (*see Balaj v Balaj*, 136 AD3d 672 [2016]).

The Supreme Court also properly awarded the plaintiff an attorney's fee. The award of an attorney's fee is a matter within the sound discretion of the trial court, taking into consideration the equities and circumstances of the particular case, including the merits of the parties' respective contentions and the parties' respective financial conditions (*see Szewczuk v Szewczuk*, 107 AD3d 692, 693 [2013]; *Solomon v Solomon*, 276 AD2d 547, 549 [2000]). Here, the court considered all of the equities and circumstances of the case, including the plaintiff's evasive and dilatory actions during the pendency of the action and the respective financial positions of the parties, and providently awarded the plaintiff an attorney's fee in an amount less than the amount sought.

The defendant's remaining contentions are without merit. Chambers, J.P., Cohen, Duffy and Connolly, JJ., concur.