■ IRA SCHACTER, Appellant-Respondent, v JANICE SCHACHTER, Respondent-Appellant. [56 NYS3d 296]—

Judgment of divorce, Supreme Court, New York County (Laura E. Drager, J.), entered October 22, 2014, to the extent appealed from as limited by the briefs, awarding defendant 17% of the value of plaintiff's partnership interest in his law firm as of the date of commencement of the action, awarding defendant maintenance through August 1, 2019, distributing certain tangible property, and placing 100% responsibility for unpaid pre-commencement tax liability on plaintiff, unanimously modified, on the law and the facts, to vacate the award of plaintiff's partnership interest and the maintenance award, and the matter remanded for further proceedings on those issues, and to reimburse plaintiff for his payments to Dawn Cardi, Esq., and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered on or about October 22, 2014, which, inter alia, denied plaintiff's requests to reallocate certain taxes, costs, and fees, and for a distributive award and other payments, and denied defendant lifetime maintenance and child support for the parties' son, unanimously dismissed, without costs, as subsumed in the appeal from the judgment of divorce.

In valuing plaintiff's partnership interest as of the date of commencement of the divorce action, the trial court failed to factor sufficiently the roles that the 2007-2008 financial crisis and defendant's conduct in generating negative publicity about plaintiff played in the decline in value of plaintiff's partnership interest by the time of trial (*see Naimollah v De Ugarte*, 18 AD3d 268, 270-271 [1st Dept 2005]; *Grunfeld v Grunfeld*, 255 AD2d 12, 17 [1st Dept 1999], *mod on other grounds* 94 NY2d 696 [2000]; *see* Domestic Relations Law § 236 [B] [4] [a]). The court concluded that market forces and defendant's conduct contributed to the decline in the value of plaintiff's partnership interest between October 2007, when the action commenced and that interest was valued at $5,032,000, and September

2012, when the trial commenced and that interest was valued at $1,660,000. Nevertheless, the court chose the October 2007 figure, and allocated 17% ($855,440) to defendant. Accordingly, this part of the distributive award should be vacated and the matter remanded for a determination of defendant's distributive share of plaintiff's partnership interest based on the September 2012 valuation.

Plaintiff is entitled to reimbursement for payments made to Dawn Cardi, Esq., who was retained to facilitate communications between plaintiff and the parties' daughter, from the sale of the marital assets at the time of equitable distribution. The court so ruled in a 2011 order, and, absent any explanation for its deviation from that ruling, we find that the court erred in reaching the contrary conclusion in its order entered on or about October 22, 2014.

Plaintiff's brief testimony that a piano was gifted to him during the marriage did not suffice to overcome the marital property presumption; thus, the court properly deemed the piano marital property to be sold and the net proceeds divided equally between the parties (*see* Domestic Relations Law § 236 [B] [1] [c]; *Bernard v Bernard*, 126 AD3d 658, 659 [2d Dept 2015]). Similarly, the court's allocation of cars to the parties, and its decision not to grant plaintiff a credit for the car loan he paid, or to factor in the respective values of the cars, was a provident exercise of discretion, since plaintiff received his preferred car.

The court providently exercised its discretion in allocating costs and fees, including counsel fees, upon its finding that both parties contributed to the "intensity" of the litigation and its consideration of the parties' financial circumstances, as well as the costs plaintiff incurred in defending a criminal case and other investigations (*see DeCabrera v Cabrera-Rosete*, 70 NY2d 879 [1987]; *see* Domestic Relations Law § 237).

We have considered plaintiff's remaining contentions and find them unavailing.

In light of our ruling vacating the award to defendant based on plaintiff's partnership interest, the maintenance award, which was based in part on that distributive award, also must be vacated and the matter remanded for a determination of whether the maintenance award should be modified. We note, however, that, contrary to defendant's arguments, the court properly denied defendant lifetime maintenance, upon consideration of the relevant statutory factors, including the size of the distributive award, the parties' age and health, and defendant's ability to earn an income and become self-supporting (Do-

mestic Relations Law § 236 [B] [6] [a]; *see Allen v Allen,* 275 AD2d 225 [1st Dept 2000], *lv denied* 96 NY2d 708 [2001]).

The court properly declined to award defendant child support for the parties' son, for whom plaintiff pays all educational and healthcare costs and fees, and who lives with plaintiff when he is not away at school. Concur—Sweeny, J.P., Mazzarelli, Moskowitz, Manzanet-Daniels and Kapnick, JJ.