■ CHRISTINE LOWE, Respondent, v MENDEL LOWE, Appellant. [54 NYS3d 697]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Patricia Henry, J.), dated December 11, 2014. The judgment, insofar as appealed from, after a nonjury trial, failed to award the defendant an equal share of the marital residence.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The parties were married on November 27, 1992, and have one child, born November 29, 2001. The instant action for a divorce and ancillary relief was commenced on November 21, 2012.

The parties agreed that the plaintiff would be awarded sole custody of their child and that the defendant's child support obligation would be $25 per month. On the issue of equitable distribution, they agreed that the defendant would be awarded 50% of the plaintiff's pension and retirement accounts, as well as $63,000 of her "liquid assets." After trial, the defendant was awarded an additional $7,650, representing one-half of the difference in value of the parties' motor vehicles. The defendant was also awarded $3,300 in counsel fees.

In September 2010, two years before this action was commenced, the defendant transferred title to the marital residence to the plaintiff's sole name, received $60,000 from the

plaintiff, and vacated the marital residence. After trial, the Supreme Court declined to award the defendant any further relief with respect to the marital residence.

The marital residence was clearly marital property (*see* Domestic Relations Law § 236 [B] [1] [c]). The plaintiff claimed that the transfer of the marital residence to her sole name in 2010, in exchange for $60,000, constituted an agreement of the parties that was enforceable pursuant to Domestic Relations Law § 236 (B) (3). That provision requires that the agreement be in writing, signed, and acknowledged. In this case the parties' agreement was not in writing.

Therefore, the former marital residence was subject to equitable distribution. However, equitable distribution does not necessarily mean equal distribution (*see Halley-Boyce v Boyce*, 108 AD3d 503, 504 [2013]; *Henery v Henery*, 105 AD3d 903, 904 [2013]). It is undisputed that the defendant did in fact receive $60,000 for his share of the equity in the former marital residence. The defendant was also awarded other substantial marital assets. The plaintiff has custody of the parties' child, and the defendant's child support obligation is limited to the statutory minimum of $25 per month.

Under the circumstances of this case, the Supreme Court properly found that the amount received by the defendant in 2010, plus an equal share of the parties' remaining assets as set forth in the court's decision, constitute an equitable apportionment of the marital estate pursuant to the factors set forth in Domestic Relations Law § 236 (B) (5). Those factors include the need of the plaintiff, as custodial parent, to occupy or own the marital residence (*see* Domestic Relations Law § 236 [B] [5] [d] [3]).

Accordingly, the Supreme Court properly declined to award the defendant an equal share of the marital residence. Leventhal, J.P., Hinds-Radix, LaSalle and Brathwaite Nelson, JJ., concur.