Greenberg v Greenberg (2018 NY Slip Op 04539)





Greenberg v Greenberg


2018 NY Slip Op 04539


Decided on June 20, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 20, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2015-05114
2016-04780
 (Index No. 202158/09)

[*1]Stephanie Greenberg, respondent, 
v
Daniel Greenberg, appellant.


Bryan L. Salamone & Associates, P.C., Melville, NY (Katherine M. Saciolo of counsel), for appellant.
Joseph & Smargiassi, LLC, New York, NY (John Smargiassi of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from (1) an order of the Supreme Court, Nassau County (Jeffrey A. Goodstein, J.), entered November 20, 2014, and (2) an amended judgment of divorce of the same court entered February 6, 2015. The order amended a decision of the same court dated November 5, 2014, made after a nonjury trial, to the extent of directing the defendant to pay a pro rata share of certain expenses of the children. The amended judgment, insofar as appealed from, upon the decision, as amended by the order, awarded the plaintiff two properties located in Lawrence as her share of equitable distribution of the marital assets, directed that the defendant was responsible for certain marital debt, directed the defendant to pay a pro rata share of child support and related expenses based upon an imputed income, and directed the defendant to pay the plaintiff and her attorney counsel fees in the total sum of $75,000.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the amended judgment of divorce is modified, on the facts, by deleting the provision thereof directing that the defendant is responsible for any taxes, interest, penalties, and deficiencies that result as a direct consequence of his actions, and substituting therefor a provision directing that the defendant is responsible for any taxes, interest, penalties, and deficiencies that result as a direct consequence of his actions except for any personal income tax related debts or penalties incurred by the plaintiff; as so modified, the amended judgment of divorce is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the amended judgment of divorce in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the amended judgment of divorce (see CPLR 5501[a][1]).
The parties were married in 1995 and have four children, born between 1998 and 2007. During the marriage, the defendant owned several businesses, including an Internet-based business, which he sold in approximately January 2009. In June 2009, the Federal Trade Commission (hereinafter FTC) commenced a civil action against, among others, the defendant, in connection with the operation of his Internet company. In August 2009, the plaintiff commenced this action for a divorce and ancillary relief. In July 2010, the parties entered into a stipulation of settlement, which was incorporated, but not merged, into a judgment of divorce entered November 1, 2010.
In April 2012, a federal indictment was filed against the defendant alleging criminal activity in connection with the management of his Internet company. Upon the defendant's application, in April 2013, the child support provisions and all other financial provisions of the judgment of divorce were vacated, nunc pro tunc. In January 2014, the defendant was convicted in federal court of, among other things, wire fraud, aggravated identity theft, and money laundering in connection with a scheme to make unauthorized credit card charges to the customers of his Internet-based business (see United States v Greenberg, 835 F3d 295 [2d Cir]). In the ongoing divorce action, the Supreme Court conducted a de novo hearing in June and July 2014 with respect to the parties' finances and equitable distribution. The defendant was sentenced in federal court on October 31, 2014, to seven years' imprisonment and ordered to pay restitution in the sum of $1,125,022.58 (see id. at 302).
In a decision dated November 5, 2014, as amended by an order entered November 20, 2014, the Supreme Court resolved the outstanding financial and equitable distribution issues in the divorce action. As relevant to these appeals, the court found that in all respects the defendant was not credible. It imputed an income of $100,000 per year to the defendant for the purposes of calculating child support obligations. As to equitable distribution, the court found that the only assets available for equitable distribution were two adjacent properties in Lawrence. The properties had been the marital residence and had no present value, but might generate income. The court awarded the plaintiff the two properties upon considering a number of factors, including that the real estate was acquired during the marriage; the defendant's income increased substantially during the marriage, while the plaintiff delayed her own career advancement and remained at home caring for the parties' four children; the businesses, which were marital property and would have been subject to equitable distribution, could not be evaluated because the defendant failed to keep appropriate records; the defendant caused the businesses acquired and created during the marriage to be completely destroyed through his criminal activity; and it was likely that the defendant had transferred business assets without fair consideration. In light of the equitable distribution award and the circumstances of the case, the court declined to award the plaintiff maintenance. It also determined that the defendant would be responsible for any marital debt, including a FTC judgment against him for more than $2,000,000. Finally, the court awarded the sum of $50,000 to the plaintiff's attorney for outstanding counsel fees and the sum of $25,000 to the plaintiff for counsel fees previously paid by her, because the defendant had engaged in dilatory tactics and failed to comply with prior orders, causing the plaintiff to incur additional legal expenses.
In an amended judgment of divorce entered February 6, 2015, the Supreme Court, among other things, directed the defendant to pay a pro rata share of child support and certain expenses of the children based on the imputed income, awarded the plaintiff the two properties, directed that the defendant would be responsible for any taxes, interest, penalties, and deficiencies that result as a direct consequence of his actions, and directed the defendant to pay the total sum of $75,000 in counsel fees to the plaintiff and her attorney. The defendant appeals.
"Child support is determined by a parent's ability to provide for his or her child rather than his or her current economic situation" (Renck v Renck, 131 AD3d 1146, 1148; see Signorile v Signorile, 102 AD3d 949, 951; Gorelik v Gorelik, 71 AD3d 730, 731). Thus, in determining a parent's child support obligation, the Supreme Court is not required to rely upon the party's own account of his or her finances, and may impute income based upon that party's past income or demonstrated earning potential (see Renck v Renck, 131 AD3d at 1148; Signorile v Signorile, 102 AD3d at 951; Gorelik v Gorelik, 71 AD3d at 731; Khaimova v Mosheyev, 57 AD3d 737). "The [*2]factfinder's determination concerning the imputation of income to an obligor spouse is almost always based on the resolution of credibility, and therefore, is given great deference on appeal" (Khaimova v Mosheyev, 57 AD3d at 737-738; see Leva v Leva, 155 AD3d 707, 709; Matter of Strella v Ferro, 42 AD3d 544, 545-546). Here, under the circumstances of the case, the Supreme Court did not improvidently exercise its discretion in imputing an annual income of $100,000 to the defendant for the purposes of calculating his child support obligations.
Marital property must be distributed equitably between the parties, taking into account the circumstances of the case and of the respective parties (see Domestic Relations Law § 236[B][5][c]). Equitable distribution does not necessarily mean equal distribution (see Lowe v Lowe, 151 AD3d 956, 957; Gafycz v Gafycz, 148 AD3d 679, 680; Halley-Boyce v Boyce, 108 AD3d 503, 504; Michaelessi v Michaelessi, 59 AD3d 688, 689). The equitable distribution of marital assets must be based on the circumstances of the particular case and the consideration of a number of statutory factors (see Domestic Relations Law § 236[B][5][d]; Holterman v Holterman, 3 NY3d 1, 7; Halley-Boyce v Boyce, 108 AD3d at 504). Here, in fashioning its equitable distribution award of the marital property, the Supreme Court properly considered the relevant factors and took into consideration its findings that the defendant was not credible, was deliberately evasive in his testimony, and had dissipated certain marital assets (see Lowe v Lowe, 151 AD3d at 957; Gafycz v Gafycz, 148 AD3d at 680). The court is vested with broad discretion in making an equitable distribution of marital property (see Renck v Renck, 131 AD3d at 1149; Bernard v Bernard, 126 AD3d 658, 658-659). In this case, the court did not improvidently exercise its discretion with regard to equitable distribution of the marital assets.
The income tax liability of the parties is subject to equitable distribution (see Lago v Adrion, 93 AD3d 697, 700; Conway v Conway, 29 AD3d 725). Where a party "shared equally in the benefits derived from the failure to pay, she [or he] must share equally in the financial liability arising out of tax liability" (Conway v Conway, 29 AD3d at 725-726; see Lago v Adrion, 93 AD3d at 700). "However, if one spouse makes the financial decisions regarding the income tax return, and earned virtually 100% of the parties' income during the period, the court, in its discretion, may direct that spouse to pay the entire tax liability" (Lago v Adrion, 93 AD3d at 700). Here, the Supreme Court deemed the defendant responsible for, inter alia, all of the parties' tax liabilities incurred during the marriage, including the plaintiff's own failure to file tax returns for her personal income or to pay taxes on her income, of which failings she had reason to be aware by virtue of notices she received from the Internal Revenue Service. Under these circumstances, it is not equitable to hold the defendant, rather than the plaintiff, liable for any taxes, interest, penalties, and deficiencies that resulted from the plaintiff's failure to file income tax returns and to pay taxes on income that she individually earned during the marriage.
We agree with the Supreme Court's determination to award the plaintiff and her attorney counsel fees. "The award of an attorney's fee is a matter within the sound discretion of the trial court, taking into consideration the equities and circumstances of the particular case, including the merits of the parties' respective contentions and the parties' respective financial conditions" (Menkens v Menkens, 138 AD3d 1073, 1074; see Szewczuk v Szewczuk, 107 AD3d 692, 693; Solomon v Solomon, 276 AD2d 547, 549). Here, the court considered all of the equities and circumstances of the case, including the defendant's evasive and dilatory actions during the pendency of the action, and providently exercised its discretion in awarding the plaintiff and her attorney counsel fees.
The defendant's remaining contentions are without merit.
SCHEINKMAN, P.J., LEVENTHAL, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court