Schacter v Schacter (2019 NY Slip Op 07509)





Schacter v Schacter


2019 NY Slip Op 07509


Decided on October 17, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2019

Manzanet-Daniels, J.P., Gische, Webber, Moulton, JJ.


10127 311503/07

[*1] Ira Schacter, Plaintiff-Appellant,
v
Janice Schacter, Defendant-Respondent.


Ira J. Schacter, appellant pro se.
Janice Schacter Lintz, respondent pro se.



Order, Supreme Court, New York County (Laura E. Drager, J.), entered May 9, 2018, which, to the extent appealed from as limited by the briefs, awarded defendant 40% of the value of plaintiff's law firm partnership interest as of the date of trial, unanimously affirmed, without costs.
On a prior appeal, this Court vacated the October 2007 date of commencement valuation of plaintiff's law firm interest and remanded the matter for a determination of defendant's distributive share and maintenance award based upon the September 2012 date of trial valuation (151 AD3d 422 [1st Dept 2017] Although the trial court had found that market forces and defendant's negative conduct contributed to the decline in the value of plaintiff's partnership interest between October 2007, when the action commenced, and September 2012, when the trial commenced, the trial court nevertheless chose October 2007 to determine the value of this asset. We vacated and remanded this part of the distributive award for a determination of defendant's distributive share of plaintiff's partnership interest "based on the September 2012 valuation." The 2012 date of trial valuation was $1,660,000, less than the 2007 valuation previously relied on ($5,032,000). On remand, Supreme Court, using the September 2012 date of trial value ($1,660,000), increased defendant's distributive award from 17% to 40% and otherwise adhered to its original maintenance award, finding that plaintiff still had sufficient income available to pay that award.
By using the far lower date of trial value in determining defendant's distributive share of that interest, as directed by this Court, the trial court necessarily took into account how defendant's negative conduct during the pendency of the action and the economic downturn of 2007-2008 contributed to the decline in value of this marital asset (see id.). There was no need to make a further adjustment.
Supreme Court did not err in awarding defendant a 40% share of plaintiff's law firm partnership ($1.66 million x .4, or $664,000), nor does this award, as plaintiff argues, confer a windfall on defendant simply because it is a greater percentage than Supreme Court previously awarded. It is a lower monetary amount than the $855,440 awarded by the trial court before the prior appeal. When distributing marital property, the trial court has "broad discretion" and is accorded "substantial flexibility in fashioning an appropriate decree based on what it views to be fair and equitable under the circumstances" (Mahoney—Buntzman v Buntzman, 12 NY3d 415, 420 [2009]). The trial court considered all the relevant factors and did not abuse its discretion. By making the adjustment that plaintiff urges, defendant would be penalized twice for the same misconduct because her actions were already taken into account when the Court used the date of trial valuation. Furthermore, the award takes into account defendant's contribution as primary [*2]caretaker of the parties' two children, one of whom has special needs, and defendant's significant indirect contributions, as well as limited direct contributions, to plaintiff's career.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 17, 2019
CLERK